FLORENCE GOLDSMITH, Appellant, v. J. GOLDSMITH & BROTHER, a Co-partnership, AND J. GOLDSMITH AND D. GOLDSMITH, Appellees.

**Gifts:** EVIDENCE. In the instant case the evidence is held insufficient to establish plaintiff's claim that she was the possessor of a certain sum of money as a gift from her mother.

**Judgments:** ADJUDICATION: RESERVATION OF THAT QUESTION. Where the court rightfully found that plaintiff had not proven her right to the fund in suit as a gift from her mother, and there was a question as to whether the sum had been used by defendant and plaintiff's father in their partnership business, it was proper for the court in dismissing plaintiff's petition to provide that the decree should not constitute an adjudication respecting the fund in another action pending for an accounting between the partners.

**Judgments:** DISMISSAL OF PETITION. Where one member of a partnership made no answer to a petition claiming of the firm a certain sum of money, but defaulted and testified in plaintiff's behalf, there being no claim to a right of judgment against him for want of answer and no affirmative showing of service of notice upon him, the court's order in dismissing plaintiff's petition is not disturbed.

*Appeal from Clark District Court.*—HON. H. M. TOWNER, Judge.

WEDNESDAY, OCTOBER 28, 1908.

SUIT in equity to recover certain alleged trust funds held by defendants for the plaintiff during her minority. Decree dismissing the petition, from which plaintiff appeals.—*Affirmed.*

*Temple & Temple* and *Thurston & Dare,* for appellant.

*O. M. Slaymaker,* for appellees.

EVANS, J.—Plaintiff was born on September 14, 1888. She is the daughter of the defendant J. Goldsmith. The defendants J. Goldsmith and D. Goldsmith are brothers, formerly engaged in business as a co-partnership, under the firm name of J. Goldsmith & Bro., from 1880 to 1900. At the latter date they divided their property, and engaged in business each for himself, although no formal dissolution of the partnership has been made. The plaintiff alleges that her cause of action arose in July, 1889, in that she was the owner of certain money amounting to $773.10 held and controlled by her father in her behalf; that in the month of July, 1889, such money was paid out by her father for the benefit of the defendant firm. She alleges that she acquired title to the money in question through gift from her mother. This suit was begun by her next friend before the plaintiff attained her majority. Defendant J. Goldsmith filed no pleading, and made no defense to the petition. The defendant D. Goldsmith and the firm as such filed an answer denying all the allegations of the petition. The defendant J. Goldsmith is the plaintiff's chief witness. His contention is that in the year 1878 or 1879 he made a gift of the money in question to his wife; that shortly after the plaintiff was born the wife made a gift thereof to her. The method of making the gift was that defendant told his wife he would give it to her, and he set the money apart in a drawer in his safe, and kept it there until July, 1889; but he never at any time parted with the possession or control of any part of the money prior to July, 1889. The method of making the gift to plaintiff was, in substance, that the mother said to the father that she gave the money to the plaintiff. This defendant also testifies that in July, 1889, he paid out the money in question for

the benefit of the firm with the knowledge and consent of his copartner. All of which is vigorously denied by the copartner.

I. Without going into details, it is sufficient to say that all the circumstances appearing in evidence cast a cloud of improbability over the story of this witness, and corroborate the denials of his copartner.

1. GIFTS: evidence. The firm kept a complete set of books, and the witness J. Goldsmith was the bookkeeper. Although this money is alleged to have been paid in two installments on different dates, no entry of any kind was made in any of the books at any time; nor does he claim to have even mentioned the subject again until the year 1900. He does claim to have made a memorandum on a slip of paper at the time, and to have kept it ever since in the safe in a note-book. After a careful reading of the evidence, we reach the same conclusion as did the trial court.

II. It was made to appear by the pleadings and the evidence that an action is pending in the district court of that county between the two partners for an accounting and settling of their partnership affairs.

2. JUDGMENTS: adjudication: reservation of that question. In entering judgment of dismissal in this case, the court incorporated a reservation of the question as between the two partners whether J. Goldsmith did pay out the money claimed by him on behalf of the firm in July, 1889, and ordered that that question be litigated on its merits as between the partners in such accounting suit without prejudice from this litigation. Counsel for appellant complain of this form of decree against their client. They urge that the court should have decided the case wholly upon its merits, and that it should not have postponed the rights of their clients, or made them dependent upon the outcome of the litigation between the partners. To this it is sufficient answer that the decree of the court does not have the effect

complained of. It is full, final, and complete so far as the plaintiff is concerned. No outcome of the litigation between the partners will revive any right in favor of the plaintiff. The consideration of her rights, therefore, is not in any sense postponed. If the court had entered a simple dismissal of plaintiff's cause with costs, we apprehend that such a judgment would not be an adjudication of the question as between the partners whether J. Goldsmith made the payments on behalf of the firm, which he claims to have made in July, 1889. Be that as it may, it was a proper precaution on the part of the court to enter the judgment in such form as not to prejudge any issue properly triable between the partners in their accounting suit. The court below doubtless felt warranted in dismissing plaintiff's petition on the ground that she had not proved her ownership of the money in question. No other conclusion could properly be reached from the testimony. Under the testimony, the alleged gift was not complete in any legal sense, neither from Goldsmith to his wife, nor from the wife to the child.

III. In one respect this case presents a peculiar state of the record. Plaintiff's petition states a cause of action. The defendant J. Goldsmith files no answer, nor does he defend against the petition in any way. On the contrary, he has testified in the trial that the money in question was the money of the plaintiff, and that it was in his possession, and that he used it for the benefit of the firm. Notwithstanding such claim on his part, we hold that, as between the plaintiff and the other defendants the facts refute the claim. What relief is the plaintiff entitled to as against the defendant J. Goldsmith? We think she would be entitled to recover as on a confession of her petition, and we discover in the record no reason why judgment should not have been entered in favor of plaintiff against him, unless it be absence of service of original

3. JUDGMENTS:
dismissal of
petition.

notice on him. It is stated in appellee's argument that plaintiff refused to take such judgment; but no such refusal appears in the record. The specific point, however, is not made or referred to in any way in appellant's argument; nor is there any claim made in appellant's argument that plaintiff is entitled to judgment against her father for want of answer.

In view of this state of the record, and of the fact that it does not appear affirmatively that original notice was ever served on this defendant, the judgment will, as to all the defendants, be *affirmed*.