### GRAYSON COUNTY BANK v. MRS. ADELAIDE WANDELOHR ET AL.

#### No. 2224.   Decided May 22, 1912.

**1.—Wife's Separate Property—Sequestration—Rents Collected.**

The wife was not personally liable, except on her contract as a principal in the replevin bond, for rents collected by her husband from real property (sequestered by an adverse claimant) while it was held under replevin bond by her and her husband as her separate estate. (Pp. 229, 230.)

**2.—Same—Res Adjudicata.**

A party can not escape the bar of a judgment against him by bringing a new suit on the same cause of action in a different form of proceeding. (P. 230.)

**3.—Same—Case Stated.**

In a suit against husband and wife for real estate claimed as her separate property, plaintiff sequestered and defendants replevied the property, and, while so held, the husband collected rents thereon. Plaintiffs having recovered the land, with judgment in the wife's favor but against the sureties on her replevin bond for the rents so collected, the judgment in her favor was affirmed, and that against the sureties reversed and rendered in their favor on a final judgment on appeal. Such judgment was a bar to a subsequent action by the parties recovering the land, against the wife and the sureties, for the rents so collected by her husband, then deceased, while the property was held under the replevin bond. (Pp. 229, 230.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Grayson County.

The bank sued Mrs. Wandelohr and another, and obtained writ of error on the affirmance, upon its appeal, of a judgment for the defendants in the trial court. For previous history of this litigation, see: Wandelohr v. Grayson County Bank, 102 Texas, 20; Wandelohr v. Rainey, 100 Texas, 471; Wandelohr v. Grayson County Bank, 90 S. W., 180; Wandelohr v. Grayson County Bank, 102 S. W., 746.

*Wm. A. Vinson* and *A. L. Beaty,* for plaintiff in error.—No issue is deemed concluded unless it was actually decided or could have been decided on its merits; when there has been a shifting of parties or situations in the record, to the exclusion of issues, such excluded issues remain open; and when the adjudication invoked is one that has been made by the Supreme Court the opinion may be examined to ascertain just what was passed on and what was withheld. Groesbeck v. Crow, 91 Texas, 77; Converse v. Davis, 90 Texas, 466; Pishaway v. Runnells, 71 Texas, 352; Teal v. Terrell, 48 Texas, 508; 24 Am. & Eng. Enc. Law, 776; 23 Cyc., 1311.

The release of the principal never operates to release the surety, unless, as in the case of an unconditional release, the remedy of the surety in subrogation against the principal is thereby destroyed. Accordingly, when there accompanies the release of the principal a reservation of rights against the surety, which implies that the surety upon payment may have recourse against the principal, there is no release of the surety. And, *a fortiori*, when the principal is being let out by judgment, and there is not only a reservation as to the surety but judgment actually goes against him, the surety is not released. 27 Am. & Eng. Enc. Law, 530; 32 Cyc., 165; Brandt Sur., secs. 147, 376.

The doctrine that a release of the principal, when coupled with a reservation of rights against the surety, is no release of the latter has been applied in Texas by the Courts of Civil Appeals in the following cases, in some of which this court has refused writs of error: Ulrich v. Hoefling, 23 Texas Civ. App., 289; Richardson v. Overleese, 17 Texas Civ. App., 376; Bates v. Bank, 11 Texas Civ. App., 73; Bank v. McAnulty, 31 S. W., 1091.

As to subsequently accruing rents, the former judgment was not a bar in favor of any part, because: (1) the right of recovery had not arisen and could not have been in issue when that judgment was rendered, and it does not appear that any question of law or of fact now in issue was actually decided against the plaintiff on that occasion; and (2) when it is sought to apply the rule that the decision of a question of law, as in the case of a demurrer, is binding between the parties, not only in respect to the particular matter then before the court, but also in respect to other controversies involving like facts and calling for decision of the same point, the conclusive answer is that in all such cases the decision on the point of law must remain unchanged in the original case; and here the court of last resort, the Supreme Court, while affirming the judgment discharging Mrs. Wandelohr as to the prior rents, did so solely because no one had seasonably complained, and, instead of announcing the law to be that she was not liable, the court proclaimed that she was liable. Hanrick v. Gurley, 93 Texas, 480; Nichols v. Dibrell, 61 Texas, 541; Denison v. United States, 168 U. S., 241; Nesbit v. Riverside, 144 U. S., 610; Cromwell v. Sac County, 94 U. S., 351; Skinner v. Franklin, 56 Fed., 785; Worth v. Carmichael, 40 S. E., 797; Schmidt v. Railway (Ky.), 84 S. W., 314; Russell v. Place, 94 U. S., 606; Norton v. Jensen, 90 Fed., 421.

*E. C. McLean* and *Don A. Bliss*, for defendants in error.—The judgment of the District Court of Grayson County in the case of Adelaide Wandelohr et al. v. the Grayson County National Bank of Sherman et al., was an adjudication that Adelaide Wandelohr was not liable for rents on the replevy bond. Wandelohr v. Grayson Co. Bank, 102 Texas, 28.

The fact that the adjudication made by the District Court in the case of Adelaide Wandelohr et al. v. the Grayson County National Bank of Sherman et al. was an erroneous adjudication cuts no figure whatever; it is just as conclusive as if it had been a correct adjudi-

cation since this adjudication has never been vacated. Hanrick v. Gurley, 93 Texas, 458; Cook v. Burnley, 45 Texas, 97; 23 Cyc., 1225; Milne v. Deen, 121 U. S., 525; 2 Black on Judgments, sec. 514.

And the fact that said judgment of the District Court was rendered in a summary proceeding makes said judgment none the less conclusive. Lane v. Moon, 46 Texas Civ. App., 625; 23 Cyc., 1225; 2 Black on Judgments, sec. 689.

This suit being a suit on a statutory bond and the statute requiring that, if any judgment is rendered on said bond at all it shall be rendered against all the obligors on the bond, and a final judgment having been rendered that one of the obligors on the bond, to-wit: Adelaide Wandelohr, the main principal on the bond if not the only principal in law on the bond, is not liable on said bond, no judgment can be rendered in this suit on the bond against Paul Waples, one of the sureties on the bond. Rev. Stat., art. 4876; Sartain v. Hamilton, 14 Texas, 348; Wandelohr v. Grayson County National Bank, 102 Texas, 20.

But even if a statutory replevy bond could be considered as an ordinary contract in a straight suit thereon, still an action thereon would be governed by the provisions of article 1203 of the Revised Statutes in connection with the provisions of articles 1204, 1257 and 1259, which provide in substance that no judgment shall be rendered against parties not primarily liable on the contract unless judgment shall have been previously or shall be at the same time rendered against the principal obligor except in certain specified cases. Look v. Henderson, 4 Texas, 303; Moore v. Jones, 6 Texas, 227; Barnett v. Taylor, 30 Texas, 454; Rutherford v. Harris, 22 Texas, 167.

The judgment of the Supreme Court in the suit of Adelaide Wandelohr et al. v. the Grayson County National Bank of Sherman et al., that said bank take nothing against Paul Waples and Jot Gunter, the sureties on the replevy bond, is conclusive in favor of Paul Waples in the case at bar for the reason that the question of the liability on the replevy bond was and is directly involved in and common to both cases and was expressly adjudicated by the Supreme Court in favor of Paul Waples in said former suit. Hanrick v. Gurley, 93 Texas, 458; Overstreet v. Root, 84 Texas, 26; So. Pac. Ry. Co. v. U. S., 168 U. S., 48; Mason Lumber Co. v. Buchtel, 101 U. S., 638; National Surety Co. v. Coats, 104 S. W., 219; Milne v. Deen, 121 U. S., 525; 23 Cyc., 1293; 2 Black on Judgments, sec. 751.

Adelaide Wandelohr, the main principal and the only solvent principal on the replevy bond, having been adjudicated not liable on the bond by a judgment which plaintiff in error itself procured to be affirmed on certificate over the resistance of the sureties as well as her own, plaintiff in error cannot recover in its action on said bond in this suit against defendant in error, Paul Waples, one of the sureties on said bond. Sonnenthiel v. Texas Guar. & Trust Co., 10 Texas Civ. App., 274; Thompson v. Chaffee, 39 Texas Civ. App., 567; Gill v. Morriss, 58 Tenn., 614; 2 Am. Lead. Cases, p. 440; Montgomery v. Sayse, 100 Cal., 182; Harris v. Taylor, 35 Tenn., 536; Hill v. McKenzie, 39 Ala., 112; U. S. v. Matoon, 5 Mackey, 565; Michener v. Springfield, etc., Co., 142 Ind., 130; Ames v. McClay, 14 Iowa, 281;

Thomas v. Wilson, 6 Black. (Ind.), 103; Tyler v. Davis, 63 Miss., 345; 32 Cyc., 151-2; 24 A. & E. Enc. Law, 542.

Plaintiff in error itself having procured the District Court of Grayson County to render a judgment in the case of Adelaide Wandelohr et al. v. Grayson County National Bank et al. adjudicating that she is not liable on the bond sued on in the case at bar and having procured said judgment to be finally affirmed on certificate, this constitutes a release by plaintiff in error of the said Adelaide Wandelohr, the principal on said bond, from liability thereon; and thereby Paul Waples, the surety on said bond, was discharged from all liability thereon. McIlhenny v. Blum, 68 Texas, 197; Bridges v. Phillips, 17 Texas, 128; Crook v. Lipscomb, 30 Texas Civ. App., 567.

MR. CHIEF JUSTICE BROWN delivered the opinion of the court.

Adelaide Wandelohr, joined by her husband, C. B. Wandelohr, instituted suit in the District Court of Grayson County against the Grayson County National Bank and others not necessary to be further considered, to set aside a deed of trust and deed made to the Bank under trust deed which conveyed certain lots in the City of Sherman, of which Mrs. Wandelohr and her husband had possession, the lots being the separate property of Mrs. Wandelohr. The bank reconvened, claiming title to the lots, and sued out a writ of sequestration which was executed by the sheriff, taking possession of the lots. Mrs. Wandelohr and her husband executed a replevy bond with Paul Waples and Jot Gunter as sureties. Wandelohr was insolvent. Wandelohr collected $1,800.00 rent from the property after the sequestration bond was executed. Upon a trial of the case in the District Court before a jury, their verdict was for the bank against Wandelohr and wife for the land and also for $1,800.00 rent collected by the husband after the bond was given. The attorney of the bank drafted a form in which judgment was given against Wandelohr and wife for the land and against Wandelohr and the sureties, Paul Waples and Jot Gunter, for $1,800.00, rent collected, but no judgment was entered against Mrs. Wandelohr for the rent. The sureties and Wandelohr removed the case by writ of error to the Court of Civil Appeals, and, the judgment being affirmed, writ of error from that court to this was sued out and prosecuted. The judgment as to Mrs. Wandelohr had been affirmed on certificate before the writ of error by all the parties was prosecuted to the Court of Civil Appeals, and, upon a hearing in this court, the judgments of the District Court and Court of Civil Appeals against the sureties were reversed and judgment was entered that the sureties go hence without day, but affirmed the judgment in all other respects. Jot Gunter and Wandelohr having died, the bank instituted this suit against Mrs. Wandelohr and Paul Waples, the surviving surety, upon the replevy bond to recover the rents collected during the litigation and that which had accrued since the judgment was rendered. The case was tried before the judge without a jury, who gave judgment against the plaintiff, holding that Mrs. Wandelohr and Paul Waples were neither liable. The Court of Civil Appeals affirmed the judgment.

There is no allegation in the petition charging Mrs. Wandelohr

with having collected rent on the property while in her possession after the death of her husband. She cannot be held liable personally for the sums collected by her husband, although the property was owned in her separate right. She is charged as one of the principals in the replevy bond. The bank recovered a judgment against her and her husband for the lot and against Wandelohr and the sureties for the rent, but discharged Mrs. Wandelohr from liability on the bond, which judgment is now in force and is in fact the foundation of this suit. It is beyond dispute that the judgment of the District Court is a bar to this action against her on the replevy bond.

Waples pleaded in bar to this action the judgment of this court rendered in Wandelohr v. Grayson County National Bank, 102 Texas, 20, which was the case in which the replevy bond was executed, which had been removed to the Supreme Court on writ of error. Waples and Gunter, the sureties, claimed that they were discharged by the discharge of Mrs. Wandelohr, and this court held with that contention and entered judgment that the sureties go hence without day. That is a final judgment in form and substance. What can I say that would make plainer the character and effect of that judgment? That a final judgment by a court, having jurisdiction, binds the parties and bars subsequent action between the same parties upon the material issues involved and determined will be conceded, requiring of us neither authority nor comment. As conclusive of the character of the judgment, we quote from the opinion of Judge Williams:

"Here, under a statute requiring a judgment against all the obligors liable in the bond, and where all are parties, judgment is taken against one of the principals only, which has the effect of adjudicating that the other is not liable.

"This was an error against the sureties as well as against the obligee in the bond. The latter has caused the judgment to be affirmed as between it and Mrs. Wandelohr, while the former, unaffected by that affirmance, are now complaining of the error. Following Sartain v. Hamilton, 14 Texas, 348, we must reverse the judgment against the sureties and adjudge that the defendant in error, the bank, take nothing against them. Otherwise the judgment is affirmed."

Counsel for plaintiff in error claim that the judgment relied upon was rendered in a summary proceeding against the sureties and does not bar an action upon the bond. The rule is stated thus: "A party cannot escape the bar of a judgment against him by bringing a new suit on the same cause of action but in a different form of action or proceeding." (23 Cyc., 1167, and note 52.) We cite a few of the cases from the note: Betts v. Starr, 5 Conn., 550 (13 Am. Dec., 94); Cist v. Zeigler, 16 Serg. & R., 282, 16 Am. Dec., 573; Birdsey v. Schaffer, 57 S. W., 987 (Tex. Civ. App.); Stuart v. Tennison Bros., 53 S. W., 83, 21 Tex. Civ. App., 530. Counsel have not cited authority to sustain their position and we have found none.

This court held in the case cited that the discharge of Mrs. Wandelohr released the sureties from liability on the bond and emphasized that conclusion by refusing to remand the case, because no right of action in favor of the bank remained against the sureties.

We find no error in the proceedings of the District Court nor the Court of Civil Appeals. It is therefore ordered that the judgments of those courts be affirmed.

*Affirmed.*