## WHITE v. BELL et ux.   (No. 459.)*

(Court of Civil Appeals of Texas. Waco. Jan. 13, 1927. Rehearing Denied Feb. 3, 1927.)

1. **Judgment ⬌729—Judgment binds parties as to questions in issue, but not as to those specifically left open.**

Judgment is binding on parties to litigation in so far as it disposes of questions that were put in issue, but does not bar future adjudication of matters specifically left open.

2. **Election of remedies ⬌3(1)—Party having two remedies may seek alternative relief in same suit, or elect which remedy he will pursue.**

Where party has two separate, distinct, and inconsistent remedies, he may in same suit ask for alternative relief, or he may elect which remedy he will pursue.

3. **Election of remedies ⬌14—Party prosecuting one of two separate, distinct, and inconsistent remedies to final adverse judgment is barred from enforcing the other.**

Where party has two separate, distinct, and inconsistent remedies, and elects one of them, and prosecutes it to final judgment and loses, he is barred from enforcing the other.

4. **Vendor and purchaser ⬌99—Vendor cannot rescind contract and recover land, unless he owns all vendor's lien notes.**

In order for holder of series of vendor's lien notes to be entitled to legal remedy of rescinding contract and recovering land, he must own all of series of notes at time he seeks to rescind.

5. **Election of remedies ⬌12—Party attempting remedy which does not exist is not barred from prosecuting legal remedy, since two remedies must exist to make election binding.**

Before election of remedies is binding, there must have been two separate, distinct, and inconsistent remedies existing at time election was made, and party attempting remedy which as matter of law does not exist is not thereby barred or defeated from prosecuting legal remedy.

6. **Vendor and purchaser ⬌269—Vendor's attempt to rescind contract and recover land after transferring vendor's lien notes does not bar action on notes and foreclosure of vendor's lien.**

Vendor did not waive right to sue on vendor's lien notes and foreclose vendor's lien by attempting to rescind contract and recover land, where at time of such attempt two of unpaid vendor's lien notes had been transferred to persons who were not in any way parties to suit, since vendor was thereby attempting to pursue a remedy that did not exist.

7. **Judgment ⬌738—Purchasers offering in suit against vendor to pay notes cannot urge judgment therein as defense against vendor's right to collect such notes.**

Purchasers who sued to have deed to vendor declared to be extension of time for payment of vendor's lien notes, and alleged they were ready, able, and willing to pay balance on such

---

notes, cannot urge judgment in such suit as defense against vendor's right to recover such unpaid balance.

Appeal from District Court, Limestone County; A. M. Blackmon, Judge.

Action by W. N. White against Walter Bell and wife. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

J. E. & B. L. Bradley, Mr. & Mrs. C. S. Bradley, and W. T. Jackson, all of Groesbeck, and Rennolds & Rennolds, of Mexia, for appellant.

O. M. Wroe, of Groesbeck, and Richard Mays, of Corsicana, for appellees.

BARCUS, J. This suit was instituted by appellant against appellees to recover on a series of vendor lien notes dated in 1911, and to foreclose a vendor's lien securing same on certain real estate. The record shows that appellant, in 1911, executed a general warranty deed to appellees to the land, and, as part of the purchase price, retained a lien to secure ten notes for $850 each, payable in from one to ten years. In 1916 appellees Walter Bell and wife executed an instrument in the form of a deed, reconveying the land to appellant for the recited consideration of the cancellation of the notes which they had executed to appellant as part of the purchase price. In February, 1921, appellees Walter Bell and wife filed a suit in the district court of Limestone county against appellant for the purpose of establishing their contention that the deed which they had executed in 1916 to appellant was not as a matter of fact a deed, but was only an agreement for the renewal and extension of the time of payment of the notes which they had executed, and which they had not paid as provided under their original deed of November, 1911. Appellant in said suit alleged that the deed which appellees executed to him in 1916 was intended to be, as it recited, a deed, and alleged specifically that, in consideration of said deed having been executed and delivered, he had canceled the notes, and he further alleged that, at the time the deed was executed in 1916, and at all times since, he had declared the contract which he had made with Bell forfeited, and had claimed the title to the land by reason of having retained the superior title thereto in the deed which he executed to Bell. In said suit appellee Bell, by a supplemental petition, alleged that it would be inequitable to permit appellant to recover the land, since they had made valuable improvements on same, and had paid a large portion of the notes, and they offered to pay all of the unpaid balance due on the notes which they had originally executed to appellant in 1911 in payment for said land. That suit resulted in a judgment by the trial court declaring that the instrument executed by Bell and wife in 1916 to appellant was an extension agreement of the unpaid purchase notes which Bell owed appellant, and declared same of no force and effect as a deed. In his motion for new trial in said cause in the trial court appellant asked, in the alternative, if the trial court refused to grant him a new trial, that the trial court render judgment in his favor against Bell for the amount due on the vendor lien notes. This the trial court refused to do. On appeal the Court of Civil Appeals reformed and affirmed the judgment of the trial court (White v. Bell, 242 S. W. 1082), and in said judgment as finally entered by the appellate court it is provided:

"It is necessary that the judgment as entered [by trial court] be reformed, so that whatever unpaid vendor's lien notes and vendor's lien may exist against the land involved to secure the payment of said notes will remain unimpaired and unaffected by the judgment of the trial court."

Appellee Bell contends that appellant is not entitled to recover in this suit, because, when appellant filed his cross-action in the case which he (Bell) brought against appellant to establish the fact that the deed was an extension agreement, appellant had two distinct, inconsistent remedies, one being the foreclosure of the vendor's lien and the other a suit to rescind the contract and recover the land; that appellant, by electing to rescind the contract and recover the land, was thereby barred from maintaining a suit to recover on the notes. Appellees further alleged that the notes provided for usurious interest, and were therefore unenforceable. At the conclusion of the testimony the trial court instructed the jury to return a verdict for appellees, presumably on the theory that appellant was not entitled to recover because he had elected to attempt to rescind the contract in the former suit:

[1] It seems to be a well-established principle of law that a judgment rendered by a court is binding on the parties to said litigation in so far as the judgment disposes of the questions that were put in issue. Grayson County Nat. Bank v. Wandelohr, 105 Tex. 226, 146 S. W. 1186. It is equally well established that, where any matters are left open by a judgment, or the judgment specifically reserves from its operation any question that could have been litigated, the judgment is not a bar to a future adjudication of the things that were specifically eliminated from the former judgment, but, on the contrary, the reservation itself becomes res judicata, and prevents the raising of any question as to the right to bring or maintain such subsequent suit. 34 C. J. 797; Converse v. Davis, 90 Tex. 462, 39 S. W. 277; Groesbeck v. Crow, 91 Tex. 74, 40 S. W. 1028; Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684; National Surety Co. v. Landers (Tex. Civ. App.) 235 S. W. 275; Williams v. Wiley, 96 Tex. 152,

71 S. W. 12; Burns v. Nichols (Tex. Civ. App.) 207 S. W. 158.

[2-5] It seems to be the well-established rule of law in this state that, where a party has two separate, distinct, and inconsistent remedies, he may in the same suit ask for alternative relief, or he may elect which remedy he will pursue, and, if he elects a remedy where he has two separate, distinct, inconsistent remedies and prosecutes same to final judgment and loses, he is thereby barred from enforcing any other remedy. Bauman v. Jaffray, 6 Tex. Civ. App. 489, 26 S. W. 260; Clemenger v. Flesher (Tex. Civ. App.) 185 S. W. 304 (writ refused); Jirou v. Jirou (Tex. Civ. App.) 136 S. W. 493; 20 C. J. pp. 2, 14, and 38; Marshall v. Mayfield (Tex. Com. App.) 227 S. W. 1097. In order for the holder of a series of vendor's lien notes to be entitled to the legal remedy of rescinding the contract and recovering the land, he must own all of the series of notes at the time he seeks to rescind. If any of the series of notes are owned by other parties, then he does not have a legal right to rescind the contract, but has only the legal right to obtain judgment on the notes with a foreclosure of his lien. Douglass v. Blount, 95 Tex. 369, 67 S. W. 484, 58 L. R. A. 699; Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447. It is a well-established rule of law that, before an election of remedies is binding, there must have been in fact two separate, distinct, and inconsistent remedies existing at the time the election was made, and, if a party attempts a remedy which he thinks he has, but which as a matter of law does not exist, he is not thereby barred or defeated from prosecuting his legal remedy. 20 C. J. pp. 19-21; Wiseman v. Cottingham, 107 Tex. 68, 174 S. W. 281; Griffin v. Williams (Tex. Civ. App.) 142 S. W. 981; Tullos v. Mayfield (Tex. Civ. App.) 198 S. W. 1073. What we think to be the correct rule is stated and supported by authorities from almost every state in the Union in 20 Corpus Juris, p. 21, as follows:

"An election (of remedies) can exist only where there is a choice between two or more inconsistent remedies actually existing at the time the election is made. Hence, the fact that a party misconceives his right, or through mistake attempts to exercise a right to which he is not entitled, or prosecutes an action based upon a remedial right which he erroneously supposes he has, and is defeated because of such error, does not constitute a conclusive election and does not preclude him from thereafter prosecuting an action based upon an inconsistent remedial right."

[6] In our opinion, appellant, at the time he filed his cross-action in the former suit, by which he sought to rescind the contract and recover the land, did not waive his right to thereafter sue on the notes and foreclose the vendor's lien, because at said time he did not have the right to rescind, since it was an established fact that at that time two of the series of unpaid vendor lien notes had been by appellant transferred, and were at said time held by persons who were not in any way parties to said suit. Appellant, in attempting to declare the contract rescinded, and seeking to recover the land by reason thereof, was attempting to pursue a remedy which he as a matter of law did not possess, because he did not own all the unpaid notes. Douglass v. Blount, 95 Tex. 369, 67 S. W. 484, 58 L. R. A. 699; Cathey v. Weaver, 111 Tex. 515, 242 S. W. 447.

We are further of the opinion that the question of the amount due by appellee on the unpaid vendor lien notes, and the right of appellant to a judgment thereon, together with a foreclosure of his vendor's lien, were not litigated in the former suit, and under the terms of the judgment as rendered in the former suit that issue was specifically eliminated therefrom, and said judgment cannot be pleaded as a bar to appellant's right to recover on said notes and to foreclose his lien in this suit. 34 C. J. 797; Groesbeck v. Crow, 91 Tex. 74, 40 S. W. 1028; Harris v. Hamilton (Tex. Civ. App.) 234 S. W. 684; Williams v. Wiley, 96 Tex. 152, 71 S. W. 12.

[7] We are further of the opinion that appellees cannot urge the former judgment as a defense against appellant's right to recover for the unpaid balance on the vendor lien notes, since the record shows affirmatively that in the former suit they alleged that they were ready, able, and willing and offered to pay any of the unpaid balance on said notes, and successfully contended that it would be inequitable and unjust to permit appellant to recover the land, since they had paid a large portion of the unpaid purchase price, and had made valuable improvements thereon, and were willing to complete the payment. It would be manifestly unjust to permit appellees to defeat appellant's right to cancel the contract by offering to pay, and then, when he attempted to enforce payment, plead in bar that they had successfully defeated his right to cancel the contract on their promise, agreement, and offer to pay.

We think the trial court was in error in instructing a verdict for appellees. The amount due on the notes and whether they provide for the payment of usurious interest are primarily matters of fact to be determined by the jury, and, since same were not submitted to the jury, it would not be proper for us to, and we do not, express any opinion with reference thereto.

The judgment of the trial court is reversed, and the cause remanded.