F. M. Hargrave, Appellant, v. City of Keokuk, Appellee.

No. 38842.

January 23, 1929.

Rehearing Denied June 24, 1929.

*Ben P. Poor, Seerley & Clark,* and *Sawyer & Norman,* for appellant.

*William R. Sheridan,* for appellee.

Faville, J.—The appellant transacted business under the name and style of the Western Maintenance Company. On April 8, 1924, the appellant entered into a written contract with the appellee for furnishing a material known as Tarvia, and spreading the same upon the streets of appellee city. Pursuant to said contract, the appellant furnished material and placed the same upon the streets of said city, covering approximately ten miles of said streets. The total amount due for said work and material

under said contract was $28,732.48, and the appellant has been paid the sum of $8,302.96. The work was completed on or about July 8, 1924. On July 3, 1924, one Brinker and others commenced an action in the district court of Lee County, Iowa, wherein the appellant and the appellee were made parties, and wherein the plaintiffs alleged that they were residents and taxpayers of said city, and, among other things, alleged that the contract between the appellant and the appellee was void, the same not having been adopted as provided by the ordinances of said city. In said action, which we shall refer to hereafter as the Brinker case, the plaintiffs prayed a decree of court adjudging said contract and all proceedings thereunder to be null and void, and that the said city and its officers be enjoined from paying to this appellant "any part of the contract price of said work, or any other sum by reason of said purported contract, or of anything done or claimed to have been done thereunder," and for general equitable relief. This appellant and the appellee filed separate answers in said Brinker case, and the cause proceeded to trial. The court decreed that the said contract between appellant and appellee was null and void, and said decree contained the following provisions:

"It is further ordered, adjudged and decreed, that the defendant City of Keokuk and its officers, agents, and employees are hereby each and all of them perpetually enjoined and restrained from making any payments or drawing any warrants for the payment of any sum or sums whatever to the defendant Hargrave, or to any other person, for or on account of the said purported contract or for any of the Tarvia therein mentioned or for any of the said street improvements, work, or materials therefor or work done under said purported contracts or resolutions.

"However, the attention of the court having been called to Cause No. 14067 pending in this court prior to this trial, this decree is entered without attempting to define what rights at law, if any, the defendant Hargrave may have with respect to so much of the contract compensation, if any, as remains unpaid."

Reverting now to matters involved in the instant case, on September 16, 1924, the appellant instituted this action, which is

in two counts, in one of which appellant seeks to recover under said contract for the amount claimed to be due thereon. The second count is predicated on a claim to recover at law, independent of the contract. This action is the No. 14067 referred to in the decree in the Brinker case. The appellee pleads the decree in the Brinker case as an adjudication of the appellant's right to recover in the instant case. The appellant concedes that the decree in the Brinker case adjudging the contract in question to have been null and void is a bar to appellant's right to recover upon Count 1 of his petition in the instant case, under which recovery is sought on the contract. But it is the appellant's contention that the decree in the Brinker case is not *res adjudicata* as to the appellant's right to recovery at law, independent of the contract. In its final analysis, the sole question for our determination is whether or not the decree in the Brinker case is *res adjudicata* of appellant's claim to try the issue of his right to recover at law, independent of the contract. The question involves a construction of the terms of the decree entered in the Brinker case, the vital portion of which we have quoted supra. We deem it unnecessary to set out at length the pleadings in the Brinker case. Primarily, the attack in said cause was directed against the contract. It was alleged that the contract was null and void, and that it was obtained by misrepresentation and fraud, and that the property of taxpayers was not subject to assessment for the costs of said improvement. Various amendments were filed, but the concluding prayer of the plaintiffs in said action was as follows:

"Wherefore, plaintiffs pray a decree of this court that the said pretended contract between the defendant Hargrave and said city be declared null and void, and that all proceedings thereunder and all assessments made for work done thereunder be declared null and void and canceled, and that the pretended proceedings based on certain resolutions for oiling the streets of said city and of date June 10th, 1924, and introduced in evidence, are null and void, and that the defendants, City of Keokuk and its officers, be enjoined from paying to the said Hargrave any part of the contract price of said work or any other sum by reason of the said purported contract or of anything done or claimed to have been done thereunder; and these plain-

tiffs pray for such other and further relief as may be equitable in the premises.''

The appellant contends that the terms of the decree are broad enough to constitute an adjudication of the right of the appellant to recover at law, independent of the contract, if such right were, in any event, available to him. We do not so construe the decree. Its purport must be determined in the light of the issues and the relief sought in said cause. The attack of the plaintiffs in the Brinker case, as taxpayers, was directed against the contract, which it was claimed had been unlawful. The prayer of their petition above quoted is consistent with the pleadings, and the decree, when considered in the light of the pleadings and the prayer, is also consistent. The appellee claims that the appellant's right to maintain an action at law, independent of the contract, is adjudicated because of the provision in said decree enjoining the appellee city from making any payments to the appellant or any other person, ''for or on account of the said purported contract, *or for any of the Tarvia therein mentioned,* or for any of said street improvements, work, or material therefor, or work done under said purported contracts or resolutions.'' In the light of the pleadings and of the recitals in the decree itself, including the subsequent recital expressly reserving to the appellant whatever rights he might have under the pending suit, we think the decree, when properly construed in the light of the issues, did no more than enjoin the city and its officers and agents from making any payment of any sum whatever to this appellant for work or material furnished by the appellant to the said city under and by virtue of the terms and provisions of said contract. Such a construction is consistent with the pleading in the said Brinker case and with the prayer of the petition in said action, and is, we think, a fair and reasonable construction of the terms of the decree itself. This is especially true in view of the further and final provision of said decree, which expressly reserves to this appellant whatever rights he might then have had in this instant action then pending at law.

A decree in equity is to be given construction in the light of the circumstances appearing of record under which it was entered.

''The decree will be construed and restricted in accordance

with the pleadings, and even with reference to other parts of the record." 16 Cyc. 498.

See, also, *McCullough v. Connelly*, 137 Iowa 682.

The express reservation in the decree itself was as much *res adjudicata* as any other matter determined by said decree. The rule is well stated by the court of civil appeals of Texas, in *White v. Bell*, 290 S. W. 849, as follows:

"It seems to be a well established principle of law that a judgment rendered by a court is binding on the parties to said litigation in so far as the judgment disposes of the questions that were put in issue. *Grayson County Nat. Bank v. Wandelohr*, 105 Tex. 226 (146 S. W. 1186). It is equally well established that, where any matters are left open by a judgment, or the judgment specifically reserves from its operation any question that could have been litigated, the judgment is not a bar to a future adjudication of the things that were specifically eliminated from the former judgment, but, on the contrary, the reservation itself becomes *res judicata*, and prevents the raising of any question as to the right to bring or maintain such subsequent suit."

To the same effect, and recognizing and sustaining said rule, see, also, *State ex rel. Golden Valley County v. District Court*, 75 Mont. 122 (242 Pac. 421); *Bodkin v. Arnold*, 45 W. Va. 90 (30 S. E. 154); *Hardin v. Hardin*, 26 S. D. 601 (129 N. W. 108); *Ahlers v. Smiley*, 163 Cal. 200 (124 Pac. 827). See, also, 34 Corpus Juris 797, Section 1217.

In the early case of *Carl v. Knott*, 16 Iowa 379, we said:

"But it is a very different thing when, in a decree in chancery, it appears affirmatively that the rights of the parties were adjusted upon a ground which neither in its general or special statement includes the matter now in controversy, but which, on the contrary, excludes and leaves it open."

In *Merrill v. Tobin*, 82 Iowa 529, we said:

"Where, in a decree in chancery, it appears affirmatively that the rights of the parties were adjusted upon a ground which neither in its general nor special statement includes the matter

564

now in controversy, but which, on the contrary, excludes and leaves it open, the former decree is not an adjudication."

See, also, *Hart v. Nonpareil P. & P. Co.*, 109 Iowa 82; *Goldsmith v. Goldsmith & Bro.*, 140 Iowa 12.

It follows that the judgment of the trial court dismissing the appellant's petition upon the pleadings in the instant case was erroneous, and that the appellant was entitled to try the issues presented by the second count of his petition, and that the decree in the Brinker case was not a bar to his right to try said issues. Whether or not the appellant can maintain the cause of action pleaded in said second count of his petition is a question not before us, and upon it we make no pronouncement. The judgment of the district court must be, and it is,—*Reversed.*

ALBERT, C. J., and STEVENS, DE GRAFF, KINDIG, and WAGNER, JJ., concur.

EVANS and MORLING, JJ., dissent.