Ted R. SMITH, as Administrator of the
Estate of Gayle R. Smith,
Deceased, Appellee,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY and Leo
Lenz, Appellants.

No. 2–57424.

Supreme Court of Iowa.

Dec. 15, 1976.

H. R. Grigg, of Smith & Grigg, Primghar, for appellants.

Leo E. Fitzgibbons, of Fitzgibbons Brothers, Estherville, for appellee.

Heard by MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and HARRIS, JJ.

MOORE, Chief Justice.

Defendant-insurer and its agent raise three issues for reversal of $10,000 judgment entered on jury verdict for plaintiff in action alleging negligence by the insurance agent in executing an insurance policy. We affirm.

Plaintiff, Ted Smith, as administrator of the estate of his son, Gayle Smith, filed an action in two "counts" against defendants, State Farm Automobile Insurance Company and its agent, Leo Lenz, for recovery of accidental death benefits. When this action was commenced and this appeal pursued, rule 79, Rules of Civil Procedure used the word "division" rather than "count" as misnomered in the pleadings and documents filed herein. We therefore refer to "division" although rule 79 has been amended effective July 1, 1976 and now uses "count".

Division I alleged the insurance policy on the 1970 Chevrolet Camaro which Gayle Smith was driving at the time of his fatal accident was incorrectly drawn in that it identified "Ted R. Smith" as the insured under the accidental death provision. It alleged this was contrary to prior agreement that "Gayle R. Smith" was to be the named insured and arose due to a mutual mistake of the parties. Division I concluded with a prayer for reformation and recovery of accidental death benefits.

Division II incorporated all the allegations of the prior divisions but alternatively alleged an action at law for negligence in drafting and furnishing the insurance policy. Plaintiff timely filed a demand for jury trial of Division II.

Prior to trial defendants moved for change of forum and for separate and prior trial of equitable issues. Subsequently plaintiff moved for an adjudication of law points wherein he claimed Divisions I and II stated separate causes of action and that an adverse ruling on the reformation division could not affect his right to a jury trial on the negligence division.

On May 29, 1973 the parties stipulated that with respect to these motions they would try the equitable issues first and that no further ruling was required on either motion.

Trial of the reformation action to the court resulted in judgment for the insurance company based on the court's finding plaintiff had failed to prove mutual mistake. However, trial court expressly provided in its decree that said ruling was not intended to foreclose plaintiff's right to a jury trial of the negligence action plead in Division II.

Defendants thereafter filed amendments to their answer raising the affirmative defenses of election of remedies and res judicata which they alleged barred trial on the negligence claim. Defendants also filed a motion for adjudication of law points by the court wherein they claimed Division II did not state a separate cause of action, and that even if, arguendo, it did, plaintiff had

made an irrevocable election of remedies by proceeding to judgment of Division I and that the judgment was res judicata as to all matters raised in Division II. Trial court overruled the motion.

At the jury trial of Division II, Ted Smith testified his son had purchased the Camaro himself but the bank required title to be in the father's name. Smith further testified he telephoned his insurance agent, defendant Leo Lenz, and informed him he had sold his 1965 Ford which was insured through defendant State Farm and wanted the insurance "transferred" to the Camaro with complete coverage with Gayle as the owner. Although Lenz explained he would have to assign Gayle as the principal driver and that the rates would thus increase, Ted repeated his instructions. The conversation ended with Lenz assuring Ted he would "take care of it" and "don't worry about it."

Smith testified the six-month premium did increase from $46 to $183 (this included $2.40 for $10,000 accidental death coverage) and he thus assumed Lenz had followed his instructions and named Gayle the insured on the new policy. Gayle had told his father he thought Lenz appeared confused when he had called in the registration numbers. Ted testified he was not concerned as he had relied on Lenz to insure his cars for several years. Ted did not discover the accidental death benefit had not been changed until after Gayle's death.

Defendant Lenz testified he recalled the conversation with Ted Smith and that Ted told him he was to be named owner of the Camaro. However, he did concede in this one instance he had failed to follow the company rule requiring that he "countersign" the policy to certify he had double checked it for inadvertent errors. Furthermore, Lenz stated he did not have either Ted or Gayle sign a written application for insurance coverage because he felt this was unnecessary. Following Lenz's testimony plaintiff, with leave of court, amended Division II by alleging specific negligent conduct by Lenz's failure to inspect and countersign the policy and his failure to obtain a written application.

The jury verdict for plaintiff in the negligence action, Division II, fixed damages at $10,000, pursuant to the court's instructions. Defendants then took this appeal.

I. Defendants-appellants first contend Division II of plaintiff-appellee's petition did not state a cause of action distinct from the reformation claim alleged in Division I. They do not dispute that Division I states a cause of action for reformation of the insurance contract.

▇ It is well settled that reformation of a contract is allowed for mutual mistake of a material fact. Relevant principles, which need not be repeated here, are set forth in several of our recent opinions. See *Kufer v. Carson*, Iowa, 230 N.W.2d 500, 503, 504; *Wilden Clinic, Inc. v. City of Des Moines*, Iowa, 229 N.W.2d 286, 289, 290; *Schuknecht v. Western Mutual Insurance Company*, Iowa, 203 N.W.2d 605, 609; *Baldwin v. Equitable Life Assur. Soc.*, 252 Iowa 639, 642, 643, 108 N.W.2d 66, 68.

Insurance agents have been held liable in tort on numerous occasions in this jurisdiction for failure to procure insurance for their customers. This is the gist of plaintiff's claim against defendants in Division II—Leo Lenz negligently failed to procure insurance for the Smiths as he was bound to do.

▇ In *Wolfswinkel v. Gesink*, Iowa, 180 N.W.2d 452, 456, we recognized an insurance agent owes a duty to his principal to exercise reasonable skill, care and diligence in effecting the insurance coverage requested. Furthermore, the agent is liable to his principal for any loss or damage occasioned by his negligence. *Collegiate Mfg. Co. v. McDowell's Agency, Inc.*, Iowa, 200 N.W.2d 854, 859. Also see *Werthman v. Catholic Order of Foresters*, 257 Iowa 483, 487, 133 N.W.2d 104, 107; *Duffie v. Bankers' Life Ass'n.*, 160 Iowa 19, 26, 139 N.W. 1087, 1089.

▇ Our holdings are consistent with the position adopted by several leading legal authorities. Perhaps the clearest statement is that found in Couch on Insurance 2d, Anderson, 25:32 at page 329:

"The agent of the insured owes to him the duty of obeying his instructions in the performance of his agreement or contract of agency; to use skill and care, conformably to custom and usage, in the performance of his duties; * * *

"Generally speaking, if an agent accepts an order to insure, he must * * exercise such reasonable skill and ordinary diligence as may fairly be expected from a person in his profession or situation, in doing what is necessary to effect a policy, * * *."

Also see, Couch, supra at 25:37, 25:46, 25:55; 16 Appleman, Insurance Law and Practice, section 8831; 43 Am.Jur.2d Insurance, section 174; Annot., 64 A.L.R.3d 398, "Broker's Failure to Procure Insurance."

■ We hold plaintiff's petition sufficiently alleged a cause of action triable in equity for reformation in Division I and in Division II alleged a separate and distinct cause of action at law for negligent conduct.

Defendants-appellants' first assignment of error is without merit.

■ II. Defendants-appellants next argue plaintiff's action as alleged in Division II is barred under the doctrine of election of remedies by trial of the reformation cause, Division I.

Our analysis of this contention must begin with a brief recital of basic principles applicable to alternative pleadings. Present day practice favors this approach and our rules of civil procedure so reflect. Rule 72, R.C.P.; *Nelson v. Iowa-Illinois Gas & Elec. Co.*, 259 Iowa 101, 107, 143 N.W.2d 289, 293; *Connell v. Hays*, 255 Iowa 261, 271, 122 N.W.2d 341, 347. Also see Rule 69, R.C.P., effective July 1, 1976.

Rule 22, R.C.P., provides for the joinder of all causes one plaintiff may have against one defendant. *Davis v. Mater*, 248 Iowa 1, 79 N.W.2d 400. The only express limitations on this practice are that each distinct cause of action should be plead in separate divisions, Rule 79, R.C.P., and where there is "misjoinder" of legal and equitable actions, the defendant may move pursuant to

Code sections 611.9 and 611.10, for transfer to the proper docket. *Claeys v. Moldenschardt*, Iowa, 169 N.W.2d 885, 889.

■ This case illustrates these principles in operation. Plaintiff clearly plead two alternative remedies, namely reformation and negligence. Defendants quite properly exercised their right to transfer the reformation case to the equity docket. Similarly under Rules 178 and 186, R.C.P., the trial court was correct in transferring the reformation count to equity and proceeding to a separate court trial as to that claim. See *Christensen v. Board of Supervisors*, 251 Iowa 1259, 105 N.W.2d 102.

■ The doctrine of election of remedies comes into play when two or more concurrent and inconsistent remedies exist between which a party has a right to elect and the party indicates his choice between inconsistent remedies. Once the choice is made he is bound by his election. However, it is well settled that the doctrine of election of remedies does not apply to co-existent and consistent remedies. *Culligan Soft Water Service v. Berglund*, 259 Iowa 660, 666, 145 N.W.2d 604, 608 and citations.

In *Mortenson v. Hawkeye Casualty Co.*, 234 Iowa 430, 434, 12 N.W.2d 823, 825, we said:

"The two counts sought redress for but a single wrong, to wit: the failure to pay the loss insured against. The separate counts merely presented different theories for one recovery. Such procedure was proper. We think the order requiring appellee to elect to rely upon one count was erroneous and that the case should have been submitted upon the theory presented in each of said counts of the petition."

Additionally we have stated the doctrine of election of remedies "is not intended either as a trap or as a penalty for a mere mistake." *Sackett v. Farmers State Bank of Boone*, 209 Iowa 487, 493, 228 N.W. 51, 54. Consistent with this philosophy we have declined to apply the doctrine where a litigant has mistakenly pursued a remedy to which he is not entitled and allowed the

litigant to pursue a proper remedy. The landmark case in this regard is *Zimmerman v. Robinson & Co.*, 128 Iowa 72, 102 N.W. 814, where we noted:

> " 'There is a difference between an election of remedies and a mistake of remedy, and the law has not gone so far as to deprive parties of meritorious claims merely because of attempts to collect them by inappropriate actions upon which recovery could not be had.' " Page 76, 128 Iowa, page 816, 102 N.W.

Some of our other cases in this area of the law are *Ritchie v. Hilmer*, 254 Iowa 309, 314, 117 N.W.2d 443, 447 (auto dealer brought replevin action and obtained possession of car. No election where reversed on appeal; dealer could seek recovery on original note); *Swanson v. Baldwin*, 249 Iowa 19, 24, 85 N.W.2d 576, 579 (where a counterclaim for general damages failed to state a cause of action, defendant could later amend to seek rescission); *Missildine v. Miller*, 231 Iowa 371, 377, 1 N.W.2d 110, 113 (no election where attorney first filed a claim in probate proceedings against decedent's estate for services rendered. When this was denied he could later recover against the widow individually for services rendered); *Green v. Phoenix Ins. Co.*, 218 Iowa 1131, 1134–37, 253 N.W. 36, 39 (plaintiff sought to recover $1800 on fire insurance policy. He was successful but lost on appeal because of insufficient evidence. He was later allowed to sue for reformation); *Reinertson v. Struthers*, 201 Iowa 1186, 1190, 207 N.W. 247, 249 (plaintiff unsuccessfully sought rescission. When the remedy proved unavailable this did not bar a later action for deceit). See also 25 Am.Jur.2d, Election of Remedies, section 22.

We hold the doctrine of election of remedies is unavailable to defendants-appellants to bar plaintiff-appellee's negligence action, Division II.

■ III. Defendants-appellants' final argument is that all matters as to Division II are barred by the earlier judgment and decree entered as to Division I. The basis of defendants-appellants' position is that to permit plaintiff-appellee to recover on Division II violates that aspect of the res judicata doctrine which prohibits splitting a cause of action and bars subsequent actions arising out of the same act, occurrence or transaction.

Our discussions and holdings in the first two divisions of this opinion clearly indicate the weakness of the contention now being considered. However, assuming, without deciding, the defense of res judicata/claim preclusion is available, we must decide against defendants-appellants on this issue.

The rule is generally recognized that a judgment on one division is not preclusive as to the second action where the parties have so agreed. Vestal, Res Judicata/Preclusion, Chapter V. section 3, page 402; Restatement of Judgments, section 62(c); 50 C.J.S. Judgments § 641.

The record before us reveals this exception is herein applicable. Prior to presentation of evidence on the action seeking reformation the parties stipulated:

> "* * * the second division of plaintiff's petition will not be automatically dismissed at this time, but whatever rights the parties have as to Count II of plaintiff's petition will be preserved and that after the disposition of this equitable hearing all the rights of both defendant and plaintiff as to the second division will be intact."

The decree entered against plaintiff on Division I included:

> "IT IS FURTHER ORDERED that the effect of the foregoing Ruling is to find and determine that the Plaintiff has not sustained his burden in proving a mutual mistake as that term is used in determining Plaintiff's right in equity to a reformation of the insurance policy. However, by such decision the Court does not intend to in any way limit or restrict Plaintiff's right to a jury trial on the negligence action pleaded in Count II of Plaintiff's Petition."

In *Hargrave v. City of Keokuk*, 208 Iowa 559, 563, 223 N.W. 274, 276, we state:

"The express reservation in the decree itself was as much *res adjudicata* as any other matter determined by said decree. The rule is well stated by the Court of Civil Appeals of Texas, in *White v. Bell*, 290 S.W. 849, as follows:

" 'It seems to be a well-established principle of law that a judgment rendered by a court is binding on the parties to said litigation in so far as the judgment disposes of the questions that were put in issue. *Grayson County Nat. Bank v. Wandelohr*, 105 Tex. 226, 146 S.W. 1186. It is equally well established that, where any matters are left open by a judgment, or the judgment specifically reserves from its operation any question that could have been litigated, the judgment is not a bar to a future adjudication of the things that were specifically eliminated from the former judgment, but, on the contrary, the reservation itself becomes *res judicata, and prevents the raising of any question as to the right to bring or maintain such subsequent suit.' "

For other authorities which support this position see, *Central State Bank v. Herrick*, 214 Iowa 379, 382, 242 N.W. 242, 244; *Brummund v. Vogel*, 184 Neb. 415, 423, 168 N.W.2d 24, 29; *Cokins v. Frandsen*, N.D., 141 N.W.2d 796, 799.

The stipulation of the parties and the trial court's reservation of rights order render defendants-appellants' third assigned error untenable.

No reversible error has been shown. The judgment appealed from is affirmed.

AFFIRMED.