Betty A. ZONTELLI, Respondent,

v.

SMEAD MANUFACTURING, and Employers of Wausau, Relators.

No. CO–82–1668.

Supreme Court of Minnesota.

Feb. 3, 1984.

Dianne E. Walsh, Fitch & Johnson, Minneapolis, for relators Smead Mfg. and Employers of Wausau.

William H. Getts, Johnson & Getts, P.A., Minneapolis, for respondent.

PETERSON, Justice.

Respondent, Betty A. Zontelli, instituted this workers' compensation action by filing

her fourth claim petition for workers' compensation disability benefits. Compensation Judge Daniel B. Gallagher granted Zontelli's motion for an order limiting issues and held that an earlier decision of Compensation Judge John Keeler awarding medical benefits to Zontelli on her second claim petition was *res judicata* as to the issue of primary liability. Judge Gallagher also concluded that, because relators Smead Manufacturing and Employers of Wausau failed to appeal Judge Keeler's decision, they were estopped from denying primary liability.

The Workers' Compensation Court of Appeals affirmed Judge Gallagher's decision, stating that relators waived their defense of denial of primary liability when they failed to raise it in the hearing before Judge Keeler. Relators petitioned this court for a writ of certiorari to review the decision of the court of appeals.

The issue in this case is whether the central issue of primary liability, *i.e.,* whether there was an injury arising out of and in the course of the employment, must be raised and decided at the first hearing before a compensation judge on any related or collateral issues involved in a dispute over workers' compensation benefits.

Betty Zontelli was employed by relator Smead Manufacturing on January 21, 1974. She alleges she suffered a work-related injury in April 1974. She worked for Smead until May 13, 1974.

On January 7, 1975, Zontelli filed her first claim petition for disability benefits. The parties entered into a stipulation for settlement in which Smead and its insurer, Employers of Wausau, specifically denied primary liability.

A second claim petition was filed on December 7, 1976, claiming $18,000 in medical expenses which were not subject to the earlier settlement. Unable to reach a settlement, the parties submitted the matter to Compensation Judge John Keeler. Judge Keeler issued his decision on April 18, 1977, awarding reasonable medical expenses of $846.48. In his memorandum accompanying the order, Judge Keeler stated "that the Employer and Insurer have not [been] determined liable for her claim and still retain a general denial" and that "the Employer and Insurer have retained a denial of Primary Liability."

A third claim petition for on-going temporary total disability benefits was filed by Zontelli on September 11, 1978. The parties entered into a stipulation for settlement in which relators again specifically denied primary liability.

On August 11, 1981, Zontelli filed her fourth claim petition for on-going benefits. Zontelli made a motion for an order limiting issues on November 30, 1981. Compensation Judge Daniel B. Gallagher granted the motion, concluding that the April 18, 1977, decision of Judge Keeler was *res judicata* as to the issues of primary liability and notice. Judge Gallagher also concluded that relators were estopped from raising the defense, because they paid the medical expenses ordered by Judge Keeler without pursuing an appeal.

The court of appeals affirmed Judge Gallagher's decision, based upon the theories of waiver, estoppel, and the "strong policy against piecemeal litigation." They did not discuss the *res judicata* analysis applied by Judge Gallagher.

■ Zontelli urges this court to affirm the court of appeals decision by holding that participation in a hearing before a compensation judge without raising the issue of primary liability is a waiver of the right to deny primary liability in a later proceeding. Waiver is the intentional relinquishment of a known right. *Stephenson v. Martin,* 259 N.W.2d 467, 470 (Minn. 1977).

It is clear that relators never intended to relinquish their defense of denial of primary liability. The defense was specifically reserved in the stipulation for settlement on the first claim petition. Similarly, Judge Keeler's memorandum indicated relators preserved their rights on the issue of primary liability after the second claim petition. The stipulation for settlement following the third claim petition again re-

served denial of primary liability. The record contained no objection to the clause in the stipulation, even though it was after the hearing before Judge Keeler. Thus, we conclude that relators did not waive their right to deny primary liability.

 Judge Gallagher held that relators could not raise the issue of primary liability because of *res judicata* and estoppel. He found that Judge Keeler's decision contained an implicit finding of primary liability, having *res judicata* effect. We, however, interpret Judge Keeler's decision to mean that he decided only the reasonableness of the claimed medical expenses, explicitly recognizing that relators retained their right to deny primary liability in a later proceeding. A judgment that expressly reserves from its operation specific rights or specific issues for decision is not a bar to a subsequent proceeding on the matters reserved. *See, e.g., Smith v. State Farm Mut. Auto. Ins. Co.,* 248 N.W.2d 903 (Iowa 1976); *Apple Valley Ranchos Water Co. v. County of San Bernardino,* 48 Cal. Rptr. 627, 409 P.2d 707, 63 Cal.2d 870 (1966). We find, therefore, that the doctrine of *res judicata* does not operate to bar relators from denying primary liability.

Having concluded that relators reserved their right to deny primary liability, their payment of the medical expenses awarded by Judge Keeler did not estop them from denying primary liability. The legal theories of waiver, *res judicata,* and estoppel are, therefore, insufficient to support the decision of the court of appeals.

Rather, we hold that the Workers' Compensation Court of Appeals may establish by explicit rule that parties in a workers' compensation proceeding are required to raise the issue of primary liability at the first hearing before a compensation judge or be precluded from raising the issue in a later proceeding. Such a rule would reduce the length and delay of workers' compensation disputes, result in more efficient use of the compensation judge's time and the time of judges in the appeal process, and eliminate "piecemeal litigation."

In the instant case, relators clearly reserved the issue of primary liability at every stage of the proceedings. Even if the court of appeals establishes a rule requiring consideration of the issue of primary liability at the first compensation hearing, relators will not be precluded from litigating the issue because of a new rule of which they did not have notice.

Reversed and remanded for a determination on the issue of primary liability.

TODD, Justice (concurring in part, dissenting in part).

I concur in that portion of the majority opinion which indicates that the Worker's Compensation Court of Appeals could avoid the problem created in this case by adopting an appropriate rule.

However, I would affirm the decision precluding the employer from raising the issue of primary liability at this time. I would not do so on the grounds of res judicata, but on the grounds of laches. The employer had four separate opportunities to raise the issue. To allow the issue to be raised nine years later puts the employee in a very tenuous position regarding proof of her claim. Witnesses may be gone. Recollections dim. Such a result is unjust.

WAHL and YETKA, JJ., concur.