ELIZABETH M. KOCIPER *v.* MARTIN M. KOCIPER ET AL.

SUPERIOR COURT        FAIRFIELD COUNTY        FILE NO. 79848

Memorandum filed May 6, 1952.

*Lavery & Lavery,* of Bridgeport, for the Plaintiff.

*Lorin W. Willis,* of Bridgeport, for the Defendants.

KING, J.   By deed dated April 29, 1941, the Home Owners' Loan Corporation conveyed a house and lot in Bridgeport to Martin Kociper (the plaintiff's husband, since deceased), Elizabeth M. Kociper (the plaintiff) and Martin M. Kociper (the son and only child of the plaintiff and decedent) as equal tenants in common. *State Bank & Trust Co.* v. *Nolan,* 103 Conn. 308, 317.

With one exception, the son has paid nothing toward the purchase of the place, nor has he paid taxes or insurance. All funds were furnished by the plaintiff and her husband up until his death and thereafter by the plaintiff alone. She has worked steadily for over twenty years and is still working. The single exception was a payment of $250 made by the son, which represented his half of the net proceeds of a life insurance policy on his father's life payable equally to himself and the plaintiff.

The defendant son is now thirty-six years old, and so was about twenty-five years old at the time of the transaction. He was then married and had one child,

and immediately after the purchase he and his family made his home there with his parents. He has continued to live there, with the exception of a period of about three and one-half months, up to and including the present time. The plaintiff, also, has lived there during all this period, but relations with the son and his family have been strained. The son has paid rent intermittently at the rate of $5 a week.

The plaintiff claims that the property belongs one-half to her and one-half to her husband's intestate estate, under the theory of a resulting trust as to the son's one-third interest arising from the fact that he paid no part of the purchase price and was of age at the time of the purchase. The rule of a presumed gift, rather than of a resulting trust, applies in the case of a child, regardless of the child's age. *Ward* v. *Ward*, 59 Conn. 188, 195. And certainly a child is a "near relative." *Fox* v. *Shanley*, 94 Conn. 350, 357.

But that aside, evidence of actual intention is admissible especially where, as here, it coincides with the presumption of gift flowing from the relationship of parent and child. *Ward* v. *Ward*, supra, 199; *Fox* v. *Shanley*, supra.

Here it appeared that the father wanted the son's name on the deed, and that the plaintiff, with full knowledge, acquiesced in this plan, although the father and mother both rejected the son's suggestion that his wife also be added as a fourth co-owner. Thus the actual intention of the parties (husband and wife) coincided with the actual drafting of the deed. See exhibits B and C, both of which were explained to, and signed by, this plaintiff. In so far as she testified to the contrary, the plaintiff's testimony was not credited.

It follows that a declaratory judgment may enter finding that the ownership of the property is in the estate of Martin A. Kociper, deceased, the plaintiff

Elizabeth M. Kociper, and the defendant son, Martin M. Kociper, an equal undivided one-third interest in each, as tenants in common. This disposes of the first three prayers for relief.

The fourth prayer for relief is denied for the foregoing reasons.

The fifth prayer for relief sought a partition by sale. Counsel for the parties have agreed to proceed under General Statutes §§ 7031 and 7032 that no judgment for partition by sale should enter here; and thus that this prayer for relief is abandoned as far as this proceeding is concerned.