Harry Freedman, Administrator (Estate of Martin
A. Kociper), et al. v. Elizabeth M. Kociper

Superior Court     Fairfield County     File No. 95562

Memorandum filed July 27, 1955.

*Lorin W. Willis* and *Gregory C. Willis,* both of
Bridgeport, for the plaintiffs.

*William J. Lavery,* of Bridgeport, for the defendant.

Ryan, J. In this action plaintiffs seek a partition
by sale of the real estate described in the complaint.
The plaintiff Freedman, administrator of the estate
of Martin A. Kociper, the plaintiff Martin M.
Kociper and the defendant Elizabeth M. Kociper
are tenants in common of said property. In open
court, counsel for the defendant admitted the allegations of the complaint but relies on the special
defense of res adjudicata by virtue of the judgment
in the case of *Elizabeth M. Kociper* v. *Martin M.
Kociper and Harry Freedman, Administrator of
the Estate of Martin A. Kociper,* 18 Conn. Sup. 102.
That was an action by the present defendant against
the present plaintiffs seeking a declaratory judgment determining ownership in the property, a
reconveyance and a partition. A declaratory judg-

ment was entered May 6, 1952, finding that the ownership of the property is in the estate of Martin A. Kociper, deceased, the plaintiff Elizabeth M. Kociper and the son, Martin M. Kociper, an equal, undivided, one-third interest in each, as tenants in common. The prayer for reconveyance was denied.

As to the prayer for a partition, the court (*King, J.*) in its memorandum said: "The fifth prayer for relief sought a partition by sale. Counsel for the parties have agreed to proceed under General Statutes §§ 7031 and 7032; that no judgment for partition by sale should enter here; and thus that this prayer for relief is abandoned as far as this proceeding is concerned." The parties did not proceed under §§ 7031 and 7032 and the plaintiffs brought this action. Defendant claims that the matter is now res adjudicata.

It is well recognized by courts that "[a] final judgment on the merits is conclusive on the parties and their privies as to the cause of action involved. If the same cause of action is again sued upon, the judgment is conclusive with respect to any claims relating to the cause of action which were actually made or might have been made." *Bridgeport Hydraulic Co.* v. *Pearson,* 139 Conn. 186, 196.

" 'A matter not decided, and not necessarily determined by the judgment, is not concluded, although put in issue by the pleadings, especially where the matter pleaded was not actually litigated . . . made the subject of the trial, submitted to the jury, or pressed upon the consideration of the court. And for stronger reasons is this true where the judgment expressly reserves the question, or declares that it was not in issue.' " *Brady* v. *Anderson,* 110 Conn. 432, 437.

*Gillet* v. *Powell,* 174 Kan. 88, was a proceeding for partition of undivided interests in oil and gas in

place. It was held that judgment of partition in a prior suit involving surface and mineral rights was not res adjudicata upon issues in the present suit, where the court sustained the parties' motion in the prior suit to take mineral rights under the land out of the judgment. The court says on page 95: "The rule that an issue which could have been decided in an action is *res adjudicata* does not apply for the reason that the parties by their motion asked the trial court to take the mineral rights under this land out of the judgment which they had a right to do and the court sustained the motion as it had power to do."

In the case of *Kociper* v. *Kociper*, 18 Conn. Sup. 102, the parties agreed to proceed in another court, that no judgment of partition should be entered and that the prayer for a partition was abandoned. Under these circumstances the matter is not res adjudicata.

The defendant in her brief also relies on § 8239 of the General Statutes, which reads as follows: "No partition, or sale in lieu of partition, shall be made of any property, real or personal, belonging wholly to an estate in settlement in any court of probate until such estate shall be ready for distribution." That statute has no application to the case at bar, since the interest of the decedent's estate is one-third, and obviously the property does not belong "wholly to an estate in settlement." *Fountain* v. *Cramer*, 4 Conn. Sup. 67, 68.

Subject to and upon the determination of the identity of a committee of sale, a decree may be entered directing a sale of the property, subject to the mortgage to the Home Owners Loan Corporation, as of record. The proceeds of such sale shall be paid into court for disposition in accordance with § 8238 of the General Statutes.