**Walter C. HEINS, Appellant,**

v.

**Patrick James MURPHY et al., Respondents.**

**No. 41876.**

Missouri Court of Appeals, Eastern District.

Sept. 30, 1980.

Motion for Rehearing and/or Transfer to Supreme Court Denied Dec. 12, 1980.

Application to Transfer Denied Feb. 9, 1981.

Marc S. Kramer, St. Louis, for appellant.

Donald U. Beimdiek, St. Louis, for respondents.

## PER CURIAM.

Plaintiff brought suit against defendants for conversion of certain personal property. Defendants counterclaimed against plaintiff for costs incurred in storing said property. A judgment was entered in accordance with the jury verdict finding the issues against the plaintiff and assessing defendants' damages at $5,350.00. Plaintiff appeals from that judgment.

The personal property which is the subject of this controversy was located in a house at 9314 Cardoba Lane, Crestwood, Missouri. On April 8, 1971, plaintiff and Syreda Heins' marriage was terminated by divorce. Thereafter, Syreda brought an action for partition of their jointly–owned home. The court ordered that their property be sold and appointed attorney Robert Branom as commissioner to conduct the sale. Plaintiff made a bid at the sale but the highest bidders were the defendants. The defendant paid the commissioner the full amount of the purchase price on the date of the sale. The court approved the sale the next day. A deed was subsequently executed and delivered to defendants.

On the date of the sale, defendants requested a viewing of the house. Plaintiff and his attorney met defendant Murphy at the house. Plaintiff had considerable property in the house. Murphy requested a key. Plaintiff turned a key to the house over to his attorney who in turn gave it to Murphy. According to plaintiff, he was living in the house at the time. According to Murphy, plaintiff said he was living somewhere else. Plaintiff's testimony indicated that he told Murphy that he would remove the property in three weeks. Defendants' evidence was three days. Murphy testified that he was granted permission by the court–appointed commissioner to change the locks on the residence. Defendant testified that he changed the locks on all of the doors except one. According to plaintiff, he attempted to enter the house on May 21, 1972, and discovered that his keys no longer fit the locks.

Defendants' evidence revealed numerous attempts to get plaintiff to remove the property. Among them were attempted telephone calls that were refused, letters sent, calls to plaintiff's attorney, and testimony by the commissioner that he heard the judge tell plaintiff's attorney "that he, Judge Cloyd, was quote ordering Mr. Heins to remove his personal property."

Defendants finally boxed the property, stored it in the garage and in the basement and presented evidence of expenses relating thereto. Defendants also presented testimony of Syreda Heins, plaintiff's ex–wife. She testified that when she left the house right before the divorce, the furniture that they had purchased together was still in the home and that she had visited the Murphy home the day before her testimony and that it was still there.

■ On appeal, plaintiff raises two amended [1] points of error. The defendants, in a motion to strike appellant's brief, dismiss the appeal, or in the alternative affirm the judgment of the court below, maintain that the two amended points fail to comply with Rule 84.04(d). We agree. The points have preserved nothing for review.

Plaintiff's first amended point reads as follows:

The trial court erred in failing to sustain Plaintiff's motion for directed verdict in that there were no material issues of fact, and under the law, Plaintiff should have prevailed; and even if there were material issues of fact, the Trial court erred in giving jury instructions No. 4 (see appen-

1. Plaintiff's original brief was stricken on the points.

dix No. 1) in that it was an improper modification of M.A.I. Instruction 32.01 and a misstatement of the law of conversion and abandonment, and the Court erred in giving the jury instruction No. 7 (see appendix No. 2) in that it improperly states the law of conversion as it applies to the facts in this case.

This point contains *three* alleged errors by the trial court. These multiple claims should have been set out in separate points. Regardless, each individual claim within this point wholly fails to comply with Rule 84.04(d).[2]

 The first claim: "The trial court erred in failing to sustain Plaintiff's motion for directed verdict in that there were no material issues of fact, and under the law, Plaintiff should have prevailed; ..." by being a mere conclusion of law fails to state "wherein" and "why" the trial court failed to direct the verdict. Rule 84.04(d).

The second claim: "the Trial Court erred in giving jury instruction No. 4 (see appendix No. 1) in that it was an improper modification of MAI Instruction 32.01 and a misstatement of the law of conversion and abandonment ..." fails to comply with 84.-04(d) because it does not state "why" such instruction is an "improper modification" or a "misstatement of the law."

The third claim presented in Point I states: "the Court erred in giving the jury instruction No. 7 (see appendix No. 2) in that it improperly states the law of conversion as it applies to the facts in this case." This claim, being a mere legal conclusion, also fails to meet the "wherein" and "why" requirements of Rule 84.04(d).

Plaintiff's Amended Point Two provides:

The Trial Court erred in giving jury instruction No. 8 (see appendix No. 3) and No. 9 (see appendix No. 4), in that they misstate the law of conversion, abandonment and damages as applied to the facts in this case.

2. The relevant portion of 84.04(d) reads as follows:

The points relied on shall state briefly and concisely what actions or rulings of the court

As with the second claim in Point I, plaintiff has failed to state "why" instruction Nos. 8 and 9 "misstate the law."

The points, as stated, fail to give us notice of issues presented for resolution. This gross departure from the rules forces us to dismiss plaintiff's appeal. *Thummel v. King*, 570 S.W.2d 679 (Mo.banc 1978); *Markwardt v. Markwardt,* (Mo.App.1980).

Although plaintiff's points are insufficient, we have examined the transcript and find that the court properly overruled plaintiff's motion for a directed verdict and committed no error in submitting the issues to the jury. We have also examined the instructions of which plaintiff complains and determine that in light of the record, plaintiff has suffered no manifest injustice and we do not invoke the plain error rule.

Appeal dismissed.

All Judges concur.

are sought to be reviewed and wherein and why they are claimed to be erroneous, with citations of authorities thereunder.