**Enoch Dan REAGAN,
Plaintiff-Appellant,**

v.

**TIME DC, INC., Defendant-Respondent.**

**No. 43897.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Aug. 4, 1982.

Application to Transfer Denied
Sept. 13, 1982.

Motion for Rehearing and/or Transfer
Denied Sept. 17, 1982.

Austin C. Knetzger, Kirkwood, for plaintiff-appellant.

Joseph Rebman, St. Louis, for defendant-respondent.

PER CURIAM.

The trial court sustained defendant's motion to quash execution on a consent judgment. Plaintiff appeals.

The consent judgment entered May 24, 1979 provided that plaintiff was to obtain judgment for $80,000 against defendant and was to receive $25,000 shortly thereafter. It also provided that monthly payments of $445.75 were to be made on the first day of each month until paid in full. The pertinent part of the consent judgment under decision is as follows:

"... Execution to be stayed so long as above payments are promptly paid. In event of default in any payments above provided, entire balance of judgment shall become immediately due and payable and bear interest at the rate of 10% per annum. Costs against defendant."

Thereafter, defendant paid the initial sum of $25,000 called for by the judgment. The monthly payments were made to plaintiff. The first two payments were late but after that most of the payments were received by plaintiff before the first day of each month.

A threatened wildcat postal strike delayed payment of the June, 1980 installment. The check dated June 5, 1980 was

received by plaintiff on June 11, 1980. After returning the check, plaintiff filed for execution against defendant's property. Defendant filed a motion to quash execution with the court that had rendered the judgment. The motion to quash execution was sustained. This appeal followed.

The record indicates that on June 5, 1980 defendant received a telephone call from plaintiff's attorney concerning the installment for June, 1980, in which the plaintiff's attorney stated that plaintiff had not yet received a check for that month. Immediately thereafter defendant telephoned Crown Life Insurance Company, which company was responsible for making said payments pursuant to the judgment, to inquire as to the location of said check. Defendant was informed that, due to a threatened wildcat postal strike, all mailings had been suspended pending resolution of the threatened strike. Defendant was further informed that a recent wildcat strike had caused Crown Life considerable problems in that checks, which had been mailed, were lost, misplaced or inordinately delayed and that many were therefore reissued, frequently resulting in double payment and numerous accounting and bookkeeping errors, and that Crown Life was concerned about a repetition of these problems.

Defendant requested that a check for plaintiff be immediately issued to him and said check was in fact sent to plaintiff on June 5, 1980. This check was received by plaintiff on June 11, 1980, but was returned by plaintiff's attorney in his letter of June 16, 1980, wherein plaintiff's attorney also stated his intention to execute upon the judgment of the court.

The record further indicates that although payments for the months of July and August, 1980, were received by plaintiff prior to the first of each month, plaintiff returned the checks for said July and August payments to defendant.

Defendant contends that the appeal should be dismissed because plaintiff's Points Relied On do not comply with Rule 84.04(d) and represent a gross departure from the requirements of this rule, citing as authority *Heins v. Murphy*, 610 S.W.2d 15, 19 (Mo.App.1980) and *Thummell v. King*, 570 S.W.2d 679 (Mo. banc 1978). Defendant argues that Point I is merely an abstract statement of law not shown to be related to any action or ruling of the circuit court and Points II and III do not state wherein and why the judgment of the circuit court is erroneous and thus preserve nothing for appellate review. We agree.

The Points Relied On and authorities as set out in plaintiff-appellant's brief are as follows:

"I. A JUDGMENT BY CONSENT IS CONTRACTUAL IN NATURE AND SHOULD BE CONSTRUED AS A WRITTEN CONTRACT EMBODYING THEREIN THE TERMS OF THE JUDGMENT
Am.Jur.2nd, Judgments, Vol. 47, p. 142, PP. 1085
*Keiser vs. Widmer* [Wiedmer], 283 S.W2 [2d] 914 (Missouri)

II. THE JUDGMENT PROVIDED FOR PAYMENT OF INSTALLMENTS AT A SPECIFIC TIME AND THAT EXECUTION BE STAYED SO LONG AS PAYMENTS WERE PROMPTLY MADE. IN EVENT OF DEFAULT THE ENTIRE BALANCE BECAME IMMEDIATELY DUE AND PAYABLE. THE COURT SHOULD HAVE FOUND THAT THE INTENTION OF THE JUDGMENT WAS TO REQUIRE STRICT PERFORMANCE.
13 Cor.Jur. Contracts, pp. 783, page 689 17A Cor.Jur.Sec., Contracts, pp. 504(1), page 794

III. PLAINTIFF WAS NOT OBLIGED TO APPLY TO THE COURT TO LIFT THE STAY OF EXECUTION EMBODIED IN THE JUDGMENT
Supr.Ct.Rules, 76.60, 76.61, 76.62"

Rule 84.04(d) provides in part: "The points relied on shall state briefly and concisely what actions or rulings of the trial court are sought to be reviewed and wherein and why they are claimed to be erroneous . . . ."

The points are in direct violation of this rule. It is readily apparent that the forego-

ing points fail to set forth any action or ruling of the trial court. The points are merely conclusions of law.

Again, all points relied on are in direct violation of Rule 84.04(d) in that the points fail to specify wherein and why the unspecified ruling of the trial court was erroneous. The directions of Rule 84.04(d) are mandatory. The failure of appellant to comply with this rule as to all points thus preserves nothing for review. The points fail to give us the specific issues required to be resolved by this court. We thus should dismiss plaintiff's appeal. *Thummel v. King*, 570 S.W.2d 679 (Mo. banc 1978); *Heins v. Murphy*, 610 S.W.2d 15 (Mo.App.1980).

While we have found the points insufficient for appellate review, we have carefully examined the record and find the trial court properly sustained the defendant's motion to quash the execution. We have studied the cases cited by both parties and have made an independent search of the law. We find no error of law.

Judgment affirmed.

All Judges concur.