**Raymond H. OLIVIO,**
**Employee-Claimant-Respondent,**

v.

**TLI, INC., Employer-Appellant,**

and

**Hartford Accident and Indemnity Company, Insurer-Appellant.**

**No. 52243.**

Missouri Court of Appeals,
Eastern District.

April 28, 1987.

Motion for Rehearing and/or Transfer
Denied May 27, 1987.

Application to Transfer Denied
July 14, 1987.

James B. Kennedy, St. Louis, for employer-appellant.

George R. Wilhoit, Poplar Bluff, for employee-claimant-respondent.

GARY M. GAERTNER, Presiding Judge.

The employer (TLI, Inc.) and its insurance carrier (Hartford Accident & Indemnity) appeal from a final award by the Missouri Labor and Industrial Relations Commission (Commission) in favor of the employee (Olivio). The Commission upheld a decision by the Administrative Law Judge finding that Olivio sustained an accidental injury arising out of and in the course of his employment. Olivio was awarded temporary total disability, permanent partial disability, and medical expenses. We affirm.

The evidence reveals that on April 25, 1983, Olivio was employed as a truck driver for TLI, Inc. and had been in its employ for 8½ years. On that date, he was dispatched from his home in Campbell, Missouri to pick up a trailer in Corning, Arkansas, bring it to St. Louis, Missouri, switch trailers in St. Louis and proceed with the load to Lafayette, Tennessee. Olivio testified that David Epperson (age 17), his daughter's boyfriend (now husband), accompanied him on the trip.

Olivio and Epperson reached Bowling Green, Kentucky around 11:00 p.m. on April 25, 1983, and parked the truck at a hotel for an 8–hour rest stop. Olivio testified that he entered the sleeper compartment and that Epperson announced that he planned to stay awake for awhile. Epperson then left the truck. Olivio stated that his next recollection was of waking up to see a man with a handgun standing over him. He identified the man as Epperson. The two men struggled, and Olivio sustained a gunshot wound to his right hand. He forced Epperson out of the truck and then jumped (barefooted) out of the cab himself, breaking both heels. Olivio summoned the police, who detained Epperson. Epperson was released without charge.

Olivio also stated that he and Epperson had not argued or fought during the trip, that he had not consumed any alcohol or drugs except "No Doze" prior to the alter-

cation, and that he had not had any subsequent contact with Epperson.

Appellants' evidence established that the carrying of an unauthorized passenger in company vehicles is a violation of federal law (Department of Transportation Rules and Regulations), the union contract, and company policy.

The Administrative Law Judge (ALJ) made specific findings of fact and conclusions of law. He concluded that Olivio sustained permanent partial disability and temporary total disability, along with medical expenses, as a direct result of an accidental injury within the course and scope of his employment. He also determined that the injury was caused by a neutral assault. The Commission adopted and affirmed the ruling.

The well-established standard of review for decisions rendered by the Labor and Industrial Relations Commission is that the Commission's decision will be affirmed where this court determines, after a review of the entire record and considering the evidence in the light most favorable to the award, that the decision is supported by substantial and competent evidence. *Smith v. Hussmann Refrigerator Co.*, 658 S.W.2d 948, 949 (Mo.App., E.D. 1983).

■ Appellants' first point is that Olivio's violation of the rule against carrying unauthorized passengers negates his claim for compensation. An employee is not necessarily deprived of the right to compensation where the employee's injury was received while the employee was performing an act specifically prohibited by the employer. *Smith v. Hussmann Refrigerator Co.*, 658 S.W.2d 948, 949 (Mo.App., E.D. 1983). Compensation is denied where the employee's violation is such that it removes him from the sphere of his employment. *Id.* at 951. The Commission found that Olivio was acting within the sphere of his employment at the time of his injury, and we concur. He was where he was supposed to be and doing what he was supposed to be doing when the injury occurred. The fact that he had violated a rule as to "how" he should perform his job may provide grounds for dismissal, but nei-

ther removes his conduct from the sphere of employment nor precludes his recovery of workers' compensation benefits. *Id.; Tate v. Southwestern Bell Telephone Co.*, 715 S.W.2d 326, 329 (Mo.App., S.D. 1986). *Cf. Fowler v. Baalmann*, 361 Mo. 204, 234 S.W.2d 11, 17 (banc 1950).

■ Appellants next contend that recovery was unwarranted because Epperson's assault stemmed from a personal matter and, consequently, was beyond statutory compensation. § 287.120, RSMo 1978. Assaults arising from private quarrels between the parties are non-compensable under the workers' compensation statute. *Person v. Scullin Steel Co.*, 523 S.W.2d 801, 806 (Mo. banc 1975). However, pursuant to legislative intent, assaults that are unprovoked or of a neutral, unexplained origin are compensable. *Person*, 523 S.W.2d at 806; *State ex rel. Barnes Hosp. v. Tillman*, 714 S.W.2d 538, 540 (Mo.App., E.D. 1986); *Allen v. Dorothy's Laundry and Dry Cleaning Co.*, 523 S.W.2d 874, 879 (Mo.App., W.D. 1975); § 287.120.1, RSMo 1978.

■ In the instant case, Olivio's testimony was that he knew of no reason or motivation for Epperson's assault on him. Appellants' proffered testimony (via deposition) from Olivio's daughter, Rayonda, to the effect that Olivio harbored ill or jealous feelings toward Epperson, or from his former wife, that she knew Olivio to consume drugs to combat fatigue and that Epperson had told her that Olivio was drunk and had started the fight, but that there had been no precipitating argument, were evidently found lacking in credibility by the Commission. This lack of evidence evincing a personal motive for the assault compels us to reach the same conclusion, that Epperson's attack on Olivio properly falls within the unprovoked or neutral assault category of cases. *See Ferguson v. Twin Hills Golf Club*, 679 S.W.2d 355, 357 (Mo.App., S.D. 1984); *See also Dillard v. City of St. Louis*, 685 S.W.2d 918, 922 (Mo.App., E.D. 1984) and cases cited therein on neutral assaults.

Appellants also assert that the Commission erred because the burden of proof was improperly shifted to them. We do not read the Commission's findings to have done so. Rather, they reach the conclusion that appellants' evidence failed to rebut Olivio's testimony; there is nothing stated or implied that appellants carried the burden of proof. *See Dillard v. City of St. Louis*, 685 S.W.2d at 924.

Having carefully reviewed the record, we find that the Commission's decision was supported by competent and substantial evidence. Affirmed.

SIMON and STEPHAN, JJ., concur.