**Joyce Y. LYONS and Duane &
Daniel Lyons, Respondents,**

v.

**LYONS TRUCK SERVICE, Appellant,**

and

**State Treasurer, Custodian of
the Second Injury Funds,
Appellant.**

No. WD45221.

Missouri Court of Appeals,
Western District.

April 28, 1992.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
June 2, 1992.

Application to Transfer Denied
July 21, 1992.

Terry J. Brady, Mark E. Kelly, Kansas City, Gage & Tucker, for State Treasurer, Custodian of the Injury Fund.

James F. Crews, Tipton, Crews, Gaw, Lutz & Opie, for Lyons Truck Service.

William D. RottsColumbia, Charlotte Adams Atkinson, for Joyce Lyons, Duane Lyons and Daniel Lyons.

Before TURNAGE, P.J., KENNEDY and BERREY, JJ.

TURNAGE, Presiding Judge.

Joyce Lyons and her two minor children filed a claim for workers' compensation benefits as a result of the death of their husband and father, Howard Lyons. The Administrative Law Judge awarded benefits and on appeal to the Labor and Industrial Relations Commission the award was affirmed. On this appeal, the employer and the Second Injury Fund (SIF) contend there was no evidence to support a finding that Howard was killed as a result of an accident which arose out of and in the course of his employment, that exhibits offered by the employer should have been received, and that the SIF is not required to pay death benefits. Affirmed.

The evidence consisted primarily of testimony by Joyce Lyons and Forrest Lyons, the father of Howard. Joyce testified that on the afternoon of May 28, 1985, Howard called her from West Point, Mississippi, and told her that he was unloading livestock and was waiting on a load to return home. Howard drove a truck for Lyons Truck Service which at the time of his death was owned by his father and mother. The father and mother were divorced at the time of trial and only Forrest testified.

Lyons Truck Service is based in Hallsville, Missouri. Forrest testified that his company engaged in the interstate transportation of livestock. Forrest testified that he received a call on May 28, 1985, from West Point, Mississippi, advising him that Howard had been shot at 9:30 p.m. on that day and had died later that night. Forrest went to West Point and found the truck parked in a motel parking lot and the trailer at a Union 76 Truck Stop about one and one-half miles away. Forrest stated that drivers tried to obtain a return load and did sometimes stay overnight to wait for a return load. He stated that after such a trip a layover for rest was to be expected. He said that normally drivers were not authorized to stay in a motel but were expected to sleep in their truck cabs if they stayed overnight out of town. How-

ever, he said that rule applied only as far as reimbursing drivers for motel rooms was concerned, and if a driver wanted to stay in a motel it would be at the driver's own expense. He further testified that it was 550 miles from Hallsville to West Point and the trip took about nine and one-half hours.

There was no evidence to show the circumstances surrounding the shooting of Howard.

There was an effort to introduce in evidence before the Administrative Law Judge two exhibits which were copies of proceedings in the Circuit Court of Clay County, Mississippi, relating to the death of Howard. One exhibit was an order purported to be signed by a circuit judge and the other purported to be the proceedings by which a person was sentenced for the killing of Howard. The Administrative Law Judge refused to admit such exhibits because they were not properly certified as required by § 490.130.[1]

It is conceded by all parties that Lyons Truck Service was not insured for workers' compensation at the time of Howard's death. Under § 287.220.5 payment may be made from the SIF when the employer is uninsured. For that reason the SIF is a party to this action as well as the employer.

■ The employer and SIF contend that there was no evidence to show that Howard was killed as a result of an accident arising out of and in the course of his employment. The standard of review of a decision by the Labor and Industrial Relations Commission is that its decision will be affirmed when this court determines that the decision is supported by substantial and competent evidence after this court reviews the entire record and considers the evidence in the light most favorable to the award. *Olivio v. TLI, Inc.*, 731 S.W.2d 395, 397 (Mo.App.1987). The Commission found that it was a reasonable inference, based on Howard's truck being parked in a motel parking lot, that Howard was at the motel to obtain a room for rest. The Administrative Law Judge found, and the Commission affirmed, that the fatal assault on Howard was unexplained and that under the law an unexplained assault is compensable.

In *Olivio*, a truck driver was assaulted while he was sleeping in the cab of his truck. *Id.* at 397[2]. The court held that Olivio was where he was supposed to be and doing what he was supposed to be doing when the injury occurred because he was sleeping while out of town on his duties. In *Person v. Scullin Steel Company*, 523 S.W.2d 801, 805[1] (Mo. banc 1975), the court quoted from *Mershon v. Missouri Public Service Corp.*, 359 Mo. 257, 221 S.W.2d 165, 167 (1949), the rule that when an employee is found injured at a place where his duties required him to be that a rebuttable presumption arises that he was injured in the course of his employment.

■ In this case the Commission was justified in drawing the inference that Howard was in the motel parking lot for the purpose of obtaining a room for rest. As in *Olivio*, he was in a place where he was supposed to be because getting rest was authorized by his employer although he would have had to pay for the motel out of his own pocket. Since Howard was at a place where he was supposed to be and doing what he was authorized to do, the presumption arises that he was injured in the course of his employment and there was no evidence to rebut that presumption. The Commission was therefore authorized to find that he was acting in the course of his employment.

■ The other prong of the test, arising out of employment, was met also. There is no question that on this record the assault which resulted in Howard's death was unexplained. In *Person*, the court held that there are three types of assault in workers' compensation law which divide into three classes. *Id.* at 803. The first is the assault which is invited by the dangerous nature of the employee's duties or by the dangerous environment in which the employee is required to perform, or the outgrowth of frictions of the work itself.

**1.** All sectional references are to RSMo 1986 unless otherwise stated.

The second is an assault committed in the course of private quarrels that are purely personal to the participants. The third is an assault of an irrational, unexplained, or accidental nature which is classed as being of a neutral origin. *Person* held that a 1969 amendment to § 287.120.1 made the third class of assault compensable. *Id.* at 804. In *Allen v. Dorothy's Laundry & Dry Cleaning Co.*, 523 S.W.2d 874, 878–79 (Mo.App.1975), this court stated that the amendment to § 287.120.1 in 1969 eliminated in the "case of a 'neutral' unprovoked assault which arose in the course of employment, the necessity for an affirmative showing that the assault arose out of the employment." In this case the assault was of the neutral class and therefore there was no necessity for showing that the assault arose out of the employment.

The death of Howard occurred while he was in the course of his employment and the assault as a matter of law arose out of the employment.

It follows that the Commission was justified in finding that the assault on Howard was compensable and that it arose out of and in the course of his employment. The employer and SIF point to testimony of Forrest Lyons when he mentioned drivers going to motels to pick up women and argue that Howard was at the motel for that purpose. However, Forrest did not testify that Howard was doing that. Nor is there any evidence that Howard was at the motel for that purpose. It is also contended that the location of the truck at the motel and the trailer at the truck stop somehow shows that Howard was on a personal mission. The Commission drew the inference that Howard was at the motel to obtain rest and such inference is supported by the presence of the truck in the parking lot which would indicate that Howard had used it for transportation to the motel. The inference which the Commission drew is reasonable under the circumstances.

Viewing the evidence in the light most favorable to the award there was substantial and competent evidence to support the award.

■ The employer further contends that the Administrative Law Judge erred in refusing admission of two exhibits which purported to be records from the Circuit Court of Clay County, Mississippi. In *State v. Young*, 366 S.W.2d 386, 388[4] (Mo.1963), the court stated that § 490.130 provides that records and proceedings of any court of any state:

'shall have such faith and credit given to them in this state as they would have at the place whence the said records come,' when they are (1) 'attested by the clerk thereof, with the seal of the court annexed, if there be a seal,' and (2) 'certified by the judge, chief justice or presiding magistrate of the court to be attested in due form.'

Here, the exhibits were not certified as required by § 490.130 and the Administrative Law Judge did not err in refusing to admit such records.

The SIF contends that the payment of death benefits to the dependents of Howard is not authorized by statute. The SIF contends that § 287.220.5 provides that in the case of the death of an employee in the employ of an uninsured employer, funds from the SIF may be withdrawn to cover fair, reasonable, and necessary expenses in the manner required in §§ 287.240, RSMo Cum.Supp.1990 [2], and 287.241. It is contended that the only expenses referred to in §§ 287.240 and 287.241 are the expenses of burial. The SIF contends that the only payment which can be made from the SIF because of the death of an employee employed by an uninsured employer is the expense of burial.

■ The SIF overlooks several provisions of the statutes which would bear on the intent of the legislature as to what compensation dependents of a deceased employee may receive from the SIF. In § 287.220.5 it is provided that any funds received by the employee or his dependents, through civil or other action, must go toward reimbursement of the SIF for all

---

**2.** All references to § 287.240 refer to RSMo Cum.Supp.1990.

payment made to the employee or his dependents from the SIF. That section further provides that a penalty may be assessed against an uninsured employer in the amount withdrawn from the SIF for the employer's employee or his dependents, plus a fine.

Section 287.240 provides for the compensation which is to be paid on the death of an employee. Section 287.240(1) provides that payment shall be made to the persons furnishing the expenses of burial up to an amount not exceeding $5,000.00. Section 287.240 then provides for payment to the employee's dependents of a death benefit based on the employee's average weekly earnings during the year immediately preceding the death of the employee. The remainder of that section provides for the computation of the amount of compensation which shall be paid to the dependents for the death of the employee.

Section 287.241 provides that the dependent and the employer may by agreement enter into a structured settlement which provides for different weekly benefits than provided in § 287.240.

In determining the meaning of statutory enactments the primary role of this court is to ascertain the intent of the legislature from the language used and to give effect to that intent. *Trailiner Corp. v. Director of Revenue,* 783 S.W.2d 917, 920[1–4] (Mo. banc 1990). In § 287.220.5, the legislature provided that funds from the SIF may be withdrawn to cover necessary expenses in the manner required in §§ 287.240 and 287.241. That section further requires that funds recovered by the dependents of a deceased employee through civil or other action must be paid to the SIF to reimburse it for payments made to the employee or his dependents. That section further provides a penalty against an employer not insured as required by law in an amount equal to that withdrawn from the SIF for the employer's employee or for his dependents.

It is clear from § 287.220.5 that the legislature contemplated payments from the SIF to the dependents of a deceased employee of an employer who is not insured.

The only provision in § 287.240 for payment to the dependents of a deceased employee is the payment of a death benefit based on the employee's average weekly earnings during the year immediately preceding his death. If the dependents of a deceased employee are not entitled to receive any benefits under § 287.240(2) there would be no need to require dependents to repay the SIF if they recover in another action. There is no other provision for payments to dependents from the SIF for the death of an employee of an uninsured employer. From this it is apparent the legislature intended for dependents to be paid death benefits from the SIF and for the dependents to repay the fund in the event they recovered damages from some other source for the death of the employee. Thus, construing § 287.220.5 together with § 287.240(2) it is clear that the only payment authorized to be made to the dependents of a deceased employee is the death benefit.

The SIF contends that the word expense in § 287.220.5 is repeated in § 287.240(1) in connection with burial expense and thus the only authorized payment to the dependents is burial expense. But § 287.240(1) only authorizes payment of the burial expense to the person paying the expense. It does not authorize payment of burial expense to the dependents. Therefore, it cannot be said that § 287.220.5 and § 287.240(1) limit payment to dependents to the burial expense. From this it follows that the argument of the SIF that the only expenses authorized to be paid from the SIF are the expenses of burial is not borne out by the language of the statutes involved.

The Commission's award is properly supported and the Commission correctly ordered that the death benefits be paid to the dependents of Howard Lyons from the SIF. The award is affirmed.

All concur.