**CARROLL'S WAREHOUSE PAINT STORES, INC., Plaintiff–Respondent,**

v.

**RAINBOW COATINGS CORPORATION and Rainbow Labels Corporation, Defendants–Appellants.**

No. 17853.

Missouri Court of Appeals, Southern District, Division Two.

July 14, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 5, 1992.

Application to Transfer Denied Sept. 22, 1992.

Benjamin J. Francka, Springfield, for plaintiff-respondent.

John R. Lewis, Lewis & Moon, Springfield, for defendants-appellants.

PREWITT, Judge.

Defendants appeal from a judgment granting plaintiff the relief requested in this rent and possession action. Defendants contend that collateral estoppel and election of remedies prevents plaintiffs from recovering as there was a prior suit between the parties. Defendants also contend that they were not in default in the payment of rent.

Defendants' contentions are set forth in one point. Regarding the rent the point merely states, "A. There was no default 'in the payment of rents' as required by RSMo. 535.010, under which relief for recovery of possession may be granted."

The point fails to say "wherein and why" the rulings of the trial court regarding the rent issue was erroneous, as required by Rule 84.04(d). Also the point, by combining various contentions, attempts to "shotgun" claimed errors of unrelated issues, a practice condemned in *Thummel v. King,*

570 S.W.2d 679, 688 (Mo. banc 1978), the leading case interpreting Rule 84.04(d).

A point relied on must state wherein and why the trial court erred and "also violates Rule 84.04 when it groups together multiple contentions not related to a single issue." *Biever v. Williams,* 755 S.W.2d 291, 293 (Mo.App.1988). See also *Heins v. Murphy,* 610 S.W.2d 15, 18 (Mo.App.1980) (three alleged errors by the trial court should have been set out in separate points).

Nevertheless, examination of the record reveals that the trial court was correct in its judgment and properly found that defendants had defaulted in rent payments.

In the prior action a judgment for plaintiff and against several defendants including the present defendants was affirmed here. *Carroll's Warehouse Paint Stores, Inc. v. Rainbow Paint and Coatings, Inc.,* 824 S.W.2d 147 (Mo.App.1992). As the facts constituting the relationship and status of the parties was set forth there, they will not be repeated. The judgment in the prior action stated:

> The Plaintiff, Carroll's Warehouse Paint Stores, Inc. may, immediately after Judgment is entered in this case, file an action for rent and possession, or file or take other appropriate action, and begin procedures at law to gain possession of the premises ... The Court further rules that the Plaintiff is free to proceed at law to gain possession of the premises in an appropriate action.

The determination that plaintiff may bring this type of action is res judicata and prevents defendants from effectively questioning plaintiff's right to maintain this suit. *Smith v. State Farm Mutual Automobile Insurance Co.,* 248 N.W.2d 903, 908 (Iowa 1976); 50 C.J.S. Judgments § 641, pp. 74–75 (1947). See also *Freedman v. Kociper,* 19 Conn.Supp. 419, 116 A.2d 576, 577 (1955); *Cianchette v. Verrier,* 155 Me. 74, 151 A.2d 502, 510 (1959)

(issues reserved not barred by res judicata).

The judgment is affirmed.

MONTGOMERY, P.J., and FLANIGAN, J., concur.