Charles TATUM, Dec'd., Employee,

and

Betty Tatum, Dec'd., and Deborah Hays, Ronald Tatum, and Mary Stephens, Children, Dependents,

v.

ST. LOUIS METRO DELIVERY, INC., Employer,

and

Treasurer of State of Missouri as Custodian of the Second Injury Fund, Add'l Party.

No. 65310.

Missouri Court of Appeals, Eastern District, Division Two.

Oct. 4, 1994.

Motion for Rehearing and/or Transfer to Supreme Court Denied Nov. 9, 1994.

Application to Transfer Denied Dec. 20, 1994.

---

2. We note that the policy language analyzed in *Fildes* is identical to that in *Chambers*.

Robert H. Sihnhold, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Jefferson City, Vicky L. Anthony, Asst. Atty. Gen., Cape Girardeau, for Second Injury Fund.

SMITH, Presiding Judge.

The dependents of Charles Tatum appeal from the award of the Labor and Industrial Relations Commission denying an award against the Treasurer of Missouri as custodian of the Second Injury Fund (SIF). We reverse.

The procedural history of the case is of critical importance. Charles Tatum was killed in an automobile accident in 1985 while performing his job. He worked as a delivery man for St. Louis Metro Delivery, Inc. delivering items as requested by the company. Metro Delivery contended that Tatum was not an employee of the company but rather that he worked as an independent contractor. There was substantial evidence adduced at the initial hearing of this matter pro and con on that issue. We need not detail that evidence here. The workers' compensation claim was initially filed by the widow solely against Metro Delivery and another company, Special Dispatch. Special Dispatch was subsequently found not to have been an em-

ployer of Tatum and was dismissed from the case. No issue exists before us concerning Special Dispatch. In a second amended claim for compensation the SIF was added as a party on the basis that at the time of the accident neither alleged employer carried a policy of workers' compensation insurance and that pursuant to § 287.220.5 liability then fell on the SIF. The SIF, acting through a special assistant attorney general, filed an answer to the claim for compensation denying each and every allegation therein on the basis of absence of knowledge.

A hearing was held before an administrative law judge. The SIF did not appear in that proceeding and the record is silent as to why. The ALJ found that Tatum was an employee of Metro Delivery and was killed in the course of his employment. He awarded burial expense in the amount of $2000 and death benefits of $49,189.50 to date. In the award the SIF was stated to be an "Additional Party". In the findings of fact the award stated "The Second Injury Fund Claim remains open."

Metro Delivery filed an application for review with the Commission. So also did the claimant. In her petition for review, claimant premised claims of error on the ALJ holding open the claim against the SIF and in failing to make an award to her from the SIF. The Commission found that the award of the ALJ "was supported by competent and substantial evidence and was made in accordance with the ... Act". It therefore affirmed the award and allowed compensation in "the instant case". The Commission then included the following paragraphs in the Award:

The Commission expounds on the award of the administrative law judge, however, so as to address an issue raised by the claimant on Application for Review. The claimant requests that the Commission "amend the award of the Administrative Law Judge to include the responsibility of the Second Injury Fund for benefits..." It is the claimant's contention that the Second Injury Fund is liable under § 287.220(5) RSMo., for death benefits because there is no *insured* employer in this case.

The award in this case includes the finding that Charles Tatum died as a result of an accident arising out of and in the course of his employment with St. Louis Metro Delivery and that the deceased's dependent is entitled to Workers' Compensation benefits payable by St. Louis Metro Delivery, Inc., as the employer. The claim against the Second Injury Fund was left open. Consequently, there is no ruling as to the liability of the Second Injury Fund for the Commission to review. Whether the Second Injury Fund has liability in this case is the subject of a future hearing when the Second Injury Fund can avail itself of all applicable defenses. Under the facts of this case, we do not believe that the award of the administrative law judge automatically creates liability on the part of the Second Injury Fund by operation of law under § 287.220(5). Therefore, the Commission declines to amend the award so as to include liability against the Second Injury Fund at this time. (Emphasis in original).

No appeal was taken and the award as to Metro Delivery became final. Sec. 287.495 RSMo 1986.

Following remand a second hearing was held with the Second Injury Fund represented. The matter was submitted to the ALJ on the record of the first hearing. No additional evidence was adduced. The ALJ entered an award against the SIF for burial expense of $2000 and death benefits of $71,-262.77.[1] SIF appealed. The Commission, with two new members since the earlier award, reversed the ALJ finding that Tatum was an employee of Metro Delivery and denied recovery against the SIF. The original member dissented. The result of this action is that the same individual has been found by the Commission on the same record to be the employee of Metro Delivery as against Metro Delivery and not the employee of Metro Delivery as against the SIF. Not surprisingly, claimant appeals.

 Claimant invokes the doctrine of collateral estoppel. That doctrine precludes

1. The claim was originally made by the widow. She subsequently died and her claim was pursued by the children. The second award by the ALJ was for weekly benefits from date of Tatum's death till the death of the widow.

parties from relitigating an issue which has been previously litigated by the same parties or those in privity with them. A four part test is utilized to determine whether the doctrine is applicable. *Miller v. Hubbert*, 804 S.W.2d 819 (Mo.App.1991) [1, 2]; *Oates v. Safeco Insurance Company*, 583 S.W.2d 713 (Mo. banc 1979) [10, 11]. The tests as applied to this case are as follows. (1) Was the issue in the prior adjudication identical to the one in the present litigation? The determinative issue in both the original proceeding and the present proceeding was whether Tatum was an employee of Metro Delivery. Liability against both Metro Delivery and the SIF is dependent on his occupying that status. The issue was the same. (2) Has the prior adjudication resulted in a judgment on the merits? No appeal was taken from that decision and it therefore became final. § 287.495 RSMo 1986. (3) Is the party against whom collateral estoppel is asserted the party or a party in privity with the party to the prior adjudication? The SIF contends it was neither a party or in privity with a party to the prior proceeding. Clearly it was a party and we need not discuss whether it was in privity. It was named as an additional party and it answered the second amended claim for compensation. Nothing in the record indicates that it was in any way considered by the ALJ or the Commission to be other than a party and its failure to appear at the hearing is unexplained. The issue being litigated was critical to its liability. Its attorney was noticed on the application for review which clearly set forth that the claimant's major contentions on review by the Commission related to the failure of the ALJ to make an award against the SIF. (4) Did the party have a full and fair opportunity to litigate the issues previously adjudicated? It is questionable that this applies where the estoppel is invoked against a party to the prior proceeding. *Oates, supra.* Much of what we have said in connection with the SIF's status as a party is equally applicable here. The record does not indicate that the SIF was precluded from litigating Tatum's status as an employee. At most, it apparently declined to participate in the original hearing and the review by the Commission. Ignoring a proceeding is not a denial of the opportunity to litigate the issues. Further it

is difficult indeed to conclude that the SIF was precluded from a full and fair opportunity to litigate the issue when it utilized the record from the first hearing as the only record for the second hearing. All of the requirements of collateral estoppel are present here.

The SIF relies upon cases which have held that where the original tribunal in its determination reserves from its operation any question that could have been litigated, the judgment does not bar the things specifically eliminated from the prior judgment. In fact the reservation itself becomes *res judicata* and prevents the questioning of the right to bring or maintain the subsequent suit. *Carroll's Warehouse Paint Stores, Inc. v. Rainbow Coatings Corporation*, 835 S.W.2d 531 (Mo.App.1992) [3]; *Freedman v. Kociper*, 19 Conn.Sup. 419, 116 A.2d 576 (Conn.Superior Ct.1955) [2]; *Smith v. State Farm Mutual Automobile Insurance Company*, 248 N.W.2d 903 (Iowa 1976) [9]. We have no disagreement with that line of authority although we note that the cases invoking the doctrine are usually, if not always, cases involving either *res judicata* (claim preclusion) or splitting of a cause of action where the tribunal involved has authorized litigation of a claim which could have been litigated in the original action. It is difficult to see the applicability of the doctrine in a case involving collateral estoppel to permit relitigation of the very issue which the court has just decided. Regardless of the applicability of that line of authority, we find here that the SIF places an unwarranted interpretation on the original Commission statement that the SIF could subsequently "avail itself of all applicable defenses". The context in which that language was used reflected the Commission's insecurity with the legal concept that liability of an uninsured employer automatically as a matter of law imposes liability upon the SIF and left open challenges to that concept. We do not interpret it as an indication of a willingness to revisit the question of Tatum's status as an employee of Metro Delivery, particularly not on exactly the same evidence.

The SIF also raises a claim of waiver by claimant in allowing the SIF claim to "remain open". Such a contention is frivolous. The record does not indicate that

claimant in any way agreed to holding open the SIF claim and in fact the basis for claimant's petition for review was the action of the ALJ in holding open that claim and not making an award against the SIF.

Collateral estoppel bars relitigation of the issue of Tatum's status as an employee of Metro Delivery and the Commission erred in determining Tatum was not an employee of Metro Delivery. The SIF makes *no other* challenge to its liability to claimant under the statute.

■ The SIF does raise one additional point. Assuming it has liability under § 287.220.5 it contends that in a death case that liability extends only to payment of burial expenses. The section provides, in part:

"If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer, or in the case of death of an employee in the employ of an uninsured employer, funds from the second injury fund may be withdrawn to cover fair, reasonable, and necessary expenses in the manner required in sections 287.240 and 287.241."

Section 287.240 by its language draws a distinction between benefits and expenses. It mandates the *employer* pay burial expense and a death benefit. Section 287.220.5 mandates the *SIF* pay "expenses" required by § 287.240. It contains no reference to benefits. In *Lyons v. Lyons,* 831 S.W.2d 706 (Mo.App.1992) our brethren in the Western District held that the language did not restrict liability of the SIF to burial expenses. The Supreme Court denied transfer. That denial does not necessarily denote approval of the decision. We do not find the reasoning of the *Lyons* decision particularly persuasive. The legislative ability to distinguish between expenses and benefits could warrant a reasonable conclusion that when the General Assembly utilized the term "expenses" it did not mean to include "benefits". It is reasonable to conclude that the General Assembly did not intend for the Second Injury Fund to be a fund of last resort for all

benefits owing but uncollectible because of non-insurance. Rather it may have intended to draw a distinction between those direct expenses incurred because of the injury, disability or death and additional benefits which would be recoverable by those employees whose employers had complied with the law. The language of § 287.220 could warrant a conclusion that the expenses of cure and relief of disability for injured employees and burial expenses for deceased employees not covered by insurance as required by law was the limit of liability which the General Assembly intended to impose on the Second Injury Fund which receives its funding from insurers and employers who are in compliance with the law. However, despite our doubts of the soundness of *Lyons,* we feel constrained to follow it.

The award of the Commission is reversed and the cause remanded with directions to the Commission to affirm the award of the Administrative Law Judge.

PUDLOWSKI and WHITE, JJ., concur.