Kathleen N. SWALLOW,
Claimant/Respondent,

v.

ENTERPRISE TRUCK LINES,
INC., Employer/Appellant.

No. 67032.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 7, 1995.

James A. Thoenen, St. Louis, for appellant.

Paul D. Huck, Dean R. Gallego, Clayton, for respondent.

GRIMM, Chief Judge.

Employee was killed in a motor vehicle accident. His wife brought a worker's compensation action for death benefits. The commission awarded $449.80 compensation per week. Employer appeals; we affirm.

Employer alleges three points of error.[1] First, it alleges the commission did not have jurisdiction to adjudicate this dispute because an employment contract specified that Indiana law should apply. Second, it contends that the commission erroneously determined the rate of compensation. Finally, employer alleges the commission erred in disregarding an Indiana Circuit Court's order of rehabilitation.

## I. Jurisdiction

█ In its first point, employer alleges the commission erred in exercising jurisdiction in this case. It contends that the parties' contract requires all disputes relating to the contract to be adjudicated in Indiana.

The parties' March 19, 1992 contract did refer to Indiana law. In pertinent part, it said:

This Agreement shall be governed by the Laws of the State of Indiana both as to interpretation and performance. The parties intend to create by this Agreement the relationship of carrier and independent contractor and not an employer-employee relationship.

Our worker's compensation law recognizes that parties may provide for the application of another state's law. Section 287.110.2[2] states that Missouri law shall apply "unless the contract of employment in any case shall otherwise provide...."

However, under some circumstances, a choice of law provision may be disregarded.

In *Miller v. Hirschbach Motor Lines, Inc.*, 714 S.W.2d 652, 655 (Mo.App.S.D.1986), our southern district colleagues applied Missouri law when a provision similar to that quoted above stated that Nebraska law should govern. There, the employee was a Missouri resident and was injured in Missouri. The *Miller* court pointed out that the Restatement (Second) of Conflict of Laws supported its decision. *Id.*

Here, employee was a resident of Missouri, as well as his wife and four dependent children. The accident which claimed his life occurred on July 1, 1992, in Pike County, Missouri.

Further, employee picked up loads in "quite a lot of places in Missouri and Illinois." Employee mailed his paperwork to the employer's office in Illinois, and his employer mailed his checks to his Missouri address. Nothing in the record reveals any contact with the State of Indiana other than its mention in the contract.

█ Moreover, the commission specifically found that this contract was not an employment contract.[3] The commission pointed out that the quoted paragraph specifically stated that the parties intended to create a "relationship of carrier and independent contractor and not an employer-employee relationship." Thus, the contract's language did not intend for Indiana law to apply to an employer-employee relationship, which is the foundation of a worker's compensation claim.

Also, § 287.110.2 specifically mandates that an employment contract is necessary in order to effectively specify which forum should have jurisdiction. Accordingly, the commission properly exercised jurisdiction over this case. Point denied.

## II. Compensation

█ In its second point, employer alleges the trial court erred in granting employee

---

1. Employer's first "point" and its accompanying argument are actually statements of law about our standard of review. Points are to state the "actions or rulings" sought to be reviewed. Rule 84.04(d). Here, the first "point" preserves nothing for review. *Thummel v. King*, 570 S.W.2d 679, 684–85 (Mo. banc 1978).

2. All statutory references are to RSMo 1994, unless otherwise indicated.

3. The parties stipulated to the existence of an employer/employee relationship and did not address whether it arose by operation of law or from this contract.

the maximum rate of compensation. Specifically, employer contends that "all expenses, including loss of value of assets depleted in producing his earnings should be deducted from gross payments in determining his earnings."

The parties and the commission agree that employee received $19,420.00 gross wages for 71 days work. However, under the parties' contract, employee had to furnish the tractor, trailer, and driver. In addition, he was responsible for "paying all operating expenses." In utilizing $19,420.00 to determine the employee's daily and weekly wage rate, the commission erred.

■ Section 287.250(7), RSMo 1986,[4] provides that in computing earnings, "any sums which the employer paid to the employee to cover any special expenses entailed on him by the nature of the employment" shall not be included. Where, as here, the employer engages an individual to furnish and drive a truck, the trucker's expenses "are regarded as special expenses." *Reed v. Kansas City Wholesale Grocery Co.,* 156 S.W.2d 747, 752 (Mo.App.W.D.1941). As such, those expenses are not included in the employee's earnings. *Id.; see also Gass v. White Superior Bus Co.,* 395 S.W.2d 501, 505–506 (Mo. App.S.D.1965).

However, the commission made an alternative finding. It utilized employer's figure of $11,017.00 for actual expenses. As the commission correctly noted, if these expenses are subtracted from employee's gross earnings, wife would still be entitled to the maximum allowable compensation.

Employer does not contest that calculation. Rather, it contends that the commission failed to subtract another expense, depreciation of the tractor and trailer. Employer points out that the truck was purchased January 5, 1992 for $17,285.00. Further, wife's 1992 income tax return reflected a "fair market value **before** casualty or theft" of $10,000. Employer argues that "the truck lost $7,285.00 in value" which must be considered an expense.

Wife's accountant explained why she inserted $10,000 as the truck's value before the July 1, 1992 accident. Wife told the accountant that "the insurance company had insured the truck for a certain amount, but the value that the insurance company gave was a lot lower, it was the $10,000.00." Because the insurance company only offered $10,000.00, wife sued the company.

Further, the accountant said her computer program required a figure to be inserted on the form. However, she went on to say that because the truck was a total loss, she could have inserted any number "and it would have come up with the same taxable loss."

Employer's accountant computed the truck's tax depreciation. By relying on the $10,000.00 figure, he testified that the truck depreciated $4,710.00 during the time employee worked for employer. The commission specifically rejected his testimony and found it to be "an arbitrary determination of fair market value."

Wife was a co-owner of the truck. She expressed the opinion that the truck was still worth its purchase price on the day of the accident. As with employer's accountant, the commission could have rejected this testimony and attributed some depreciation as an expense.

■ However, the commission is charged with determining the credibility of all witnesses, and its acceptance or rejection of any testimony will not be disturbed on appeal unless it is against the overwhelming weight of the evidence. *Golden v. Preston Trucking Co.,* 882 S.W.2d 714, 716 (Mo.App.E.D.1994). In order for us to reject the commission's finding, we would have to determine that the truck's value depreciated as a matter of law. We are unable to make that determination. Point denied.

### III. Indiana Law

In its final point, employer alleges the commission erred in disregarding an Indiana

---

**4.** In 1992, this provision was amended to read: "any money paid by the employer to the employee to cover any special expenses incurred by the employee because of the nature of his employment." At that time, it was codified at § 287.250.2. We reach the same result regardless of which language is applicable.

Circuit Court's order of rehabilitation. Employer contends that the Insurers Supervision, Rehabilitation and Liquidation Act, § 375.1150 et seq., and the full faith and credit clause of U.S. Const. Art. IV § 1. require Missouri to stay these proceedings as mandated by an Indiana Court.

We do not reach the merits of this contention. Section 490.130 provides that records and proceedings of any court of any other state shall have faith and credit given to them if they are (1) attested by the clerk of the court and a seal, if there is one, annexed; and (2) certified by the judge, chief justice, or presiding associate circuit judge of the court to be attested in due form. *Lyons v. Lyons Truck Serv.*, 831 S.W.2d 706, 709 (Mo. App.W.D.1992).

Here, the order was not certified as required by § 490.130. Accordingly, we cannot find error in the commission's refusal to follow the order. Point denied.

The commission's award is affirmed.

CARL R. GAERTNER and DOWD, JJ., concur.